Jackson, J.
It is perfectly well settled in the English courts, that an executor or administrator cannot plead plene administravit to a scire facias on a judgment recovered against him. But the reason of the rule does not apply here ; and the very principles, on which it is founded, require a contrary decision, in a case like the present, in our courts. In the case at bar, the defendant is pleading matter, which has occurred since the judgment against him ; and *495 which, if it had existed before, might have been pleaded in bar of the former suit.
When an administrator is sued in England, if he does not dispute the justice of the demand, he has only to consider whether he has in his hands goods and estate of the deceased sufficient to pay the debt, and whether there are any other creditors, whose debts have a priority according to their law. The amount of assets in his hands is necessarily within his own knowledge ; and as to other creditors, he is not required nor authorized to retain funds for them, unless he have notice of the existence and the nature of the debts. If he has not assets, or if there are other debts * within [ *573] his knowledge which are entitled to a priority, he may plead plene administravit, general or special, according to the circumstances. If he makes no such plea, he cannot afterwards complain that he is concluded by his tacit confession on those two points ; any more than a defendant in any other case, who had within his own knowledge sufficient matter of defence, but had negligently omitted to plead it. On the other hand, if he has assets, and is not apprized of any other claim entitled to a priority, he incurs no risk in paying the debt demanded, or in suffering a judgment against him for it; and, if he has not enough left to satisfy other creditors, he will be liable only to the extent of what remains in his hands.
By our law, when the estate of a person deceased is insufficient to pay all his debts, it is divided ratably among all his creditors ; excepting only some few of a peculiar character, which are paid in full. An administrator, therefore, can never be required to pay any one, when he has not enough to pay the w'hole. The only regular evidence of such deficiency, when pleaded in bar of the action, is the decree of the judge of probate, founded on a representation of the insolvency of the estate, and on the return of the commissioners appointed by him to examine the claims of the creditors.
When, therefore, an administrator is sued for a debt due from the deceased, even though he may apprehend that the estate will prove insolvent, he can make no defence on that ground, unless it has been so represented in the probate court; and, if the debt is justly due, he can have no other defence ; and he must of course suffer judgment to be rendered against him. It may afterwards appear that there are other claims sufficient to .render the estate insolvent, of which the administrator had no such knowledge previously as would have authorized him to make this representation ; and the estate may, in a due course of proceedings in the probate court, be found to be insolvent. Here, then, is a new fact, which did not exist at the time of the judgment, and * which discharges the [*574] *496 administrator from his liability to pay to the creditors the whole of their respective debts.
There can be no doubt that he may plead such new matter in bar to the scire facias, unless he is precluded by his implied confession in the former suit. But those confessions at most amount only to this, that he did not then know of demands against the estate of the deceased sufficient to render it insolvent. He could not be understood to admit that no such demands existed ; because that fact might not be, and generally could not be, within his knowledge. But the right of those other creditors depends not, as in England, on the adminis trator’s knowledge of the existence of their demands. They are equally entitled to be paid, according to the amount óf their debts, whether known or unknown to the administrator ; provided they be seasonably presented to the commissioners and proved.
In order to preclude the administrator in this case from the defence on which he relies, it must be supposed, that, by suffering the judgment against him in the former suit, he tacitly agreed to pay this debt, whether the estate should prove to be insolvent or not ; a fact of which he might be wholly ignorant at the time, without any fault on his part. In other words, it must be supposed that an administrator, proceeding with good faith, and in the exercise of due diligence, shall, without any express agreement, render himself personally liable for the debts of the deceased. The mere statement of the proposition shows that it cannot be maintained upon any principles of law or justice. The defendant in this case could make nó defence to the first suit, if the debt was justly due from the deceased. Since that time, new facts have occurred, which show that the defendant is not liable to pay the amount of the judgment ; and he may justly avail himself of this new ground of defence, in bar of the execution.†

Defendant's plea adjudged good.

 Walker vs. Hill, 17 Mass. Rep. 388. —Shilaber vs. Wyman, 15 Mass. Rep. 322.