Hayes *v.* Seaver.

HAYES, *Judge, &c. vs.* SEAVER.

7   237
697   394

Real estate devised, is not liable to contribute to the payment of legacies, on a deficiency of personal assets, unless specially charged.

In an action against the surety in an executor's bond, he is not precluded, by a previous judgment against the executor in a suit by a legatee, from showing a deficiency of assets.

THIS was an action of debt on a bond given in *March*, 1817, by *Jacob M. Currier* and others, as executors of the last will and testament of *Micajah Currier;* the defendant being one of the sureties. The suit was brought for the benefit of *Ruth Griffen,* to whom the testator had bequeathed a legacy of a thousand dollars ; and it came before the court upon a case stated by the parties.

It appeared that all the real estate of the testator was specifically devised, free of charge; and that the devisees had entered into possession. By the executors' account of administration, settled in 1829, the whole personal estate was accounted for, being $11,331, 84 ; and the executors were allowed the amount of their payments for debts and legacies, being $12,537,85 ; leaving a balance of $1206,01, due to them. All the debts and legacies of specific articles had been paid. The whole value of all the legacies was $7600 ; and the amount paid was $6556,11 ; leaving $1043,89, unpaid ; which added to the amount due to the executors, left a deficiency of $2249,90, in the assets.

The executors had paid Mrs. *Griffen* part of her legacy ; and at *April* term, 1828, she obtained judgment against them in this court, for the residue, with interest and costs ; which judgment, in 1829, was revived by *scire facias* against the surviving executors, one of them having deceased.

During the pendency of the present suit, the executors paid her a further sum ; which it was agreed was more than her rateable proportion of the personal estate, if the devisees were not bound to contribute to the deficiency ; otherwise, it was less.

It was further agreed that the inventory was not returned within

three months, according to the condition of the bond; being delayed nearly five months after the issuing of the letters testamentary.

Hereupon the parties submitted the cause to the decision of the court, upon the question whether the plaintiff was entitled to any judgment for the benefit of Mrs. *Griffen*; and if so, whether the defendant was entitled to be heard in chancery.

*J. Holmes*, for the plaintiff, contended that the defendant was not entitled to be heard in chancery, any farther than for an allowance of the sums actually paid. He is precluded, by the judgment against the executors, from denying the existence of assets; it being rendered on default, and therefore equivalent to a judgment against them on a replication of assets to a plea of *plene administravit*. *Shepley v. Farnsworth*, 4 *Mass.* 632; *Heath v. Gay*, 10 *Mass.* 371; *Paine v. Gill*, 13 *Mass.* 365; *Sturgis v. Reed*, 2 *Greenl.* 109; *Ramsdell v. Creasy*, 10 *Mass.* 170; *Brigden v. Cheever*, *ib.* 460; *Clark v. May*, 11 *Mass.* 233; *Shepley's case*, 8 *Coke* 184; *Richmond v. Allen*, 7 *Mass.* 254; *Earle v. Hinton*, 2 *Stra.* 732.

And enough appears in this case to show gross negligence in the executors, they having suffered nearly twelve years to elapse before a final settlement of their accounts was made in the Probate office. *Foster v. Abbot*, 1 *Mass.* 234.

*E. Shepley* and *Burleigh*, for the defendant, resisted the action on the ground that the real estate was not liable to contribution, being specifically devised; 8 *Pick.* 478; 7 *Ves.* 399; 2 *Bl. Com.* 512; *Barton v. Cook*, 5 *Ves.* 461; *Roberts v. Pocock*, 4 *Ves.* 150; and that therefore the legatee had already received more than her proportion. The deficiency was not discovered till the settlement of the administration account; which was after the original judgment against the executors, and therefore may be shown either in a *scire facias*, or an action on the bond. *Colman v. Hall*, 12 *Mass.* 570; *Ruggles v. Sherman*, 14 *Johns.* 446; *Platt v. Robbins*, 1 *Johns. Chan.* 276; *Foxcroft v. Nevens*, 4 *Greenl.* 72; 2 *Vern.* 205; *Walker v. Bradley*, 3 *Pick.* 261.

PARRIS J. delivered the opinion of the Court.

It is a familiar principle that specific legatees, although bound, under certain circumstances, to contribute towards the payment of debts, are not bound to contribute towards the payment of other legacies. The real estate, in this case, is all specifically devised, and not being charged with the payment of legacies, nor necessary for the payment of debts, it passed absolutely, by the will, to the devisees, immediately on the death of the testator; and there being personal property sufficient for the payment of the debts, the executor has no authority to sell it, or in any way disturb the devisees' possession under the will.

But it is contended that the defendant is now precluded from availing himself of his defence, inasmuch as a judgment has been rendered against the executors, his principals, for the full amount of the legacy, upon which judgment, one of the executors having deceased, a *scire facias* was issued against the surviving executors, and a judgment rendered thereon, also, for the whole legacy. As a general proposition, perhaps it may be admitted that if the executor neglect to plead *nulla bona*, or *plene administravit*, but suffer judgment to be rendered against him, he shall be bound by the judgment, and shall not afterwards be permitted, in avoidance of such judgment, to deny assets, although he might have done it under the proper plea. But to this general proposition there are exceptions. As in the case of insolvent estates, where the insolvency is established subsequent to the rendition of the judgment against the goods and estate of the deceased in the hands of the administrator; on *scire facias* suggesting waste and praying for execution against the administrator *de bonis propriis*, the insolvency may be shown in bar of the execution, notwithstanding the judgment. *Coleman v. Hall*, 12 *Mass.* 570.

In this case, it may be true, as contended, that the executors themselves, having been defaulted in the original suit, would not now be permitted to deny assets. But we do not admit that a judgment thus rendered against the principal is equally binding upon the surety, even if it had been rendered, either originally or on *scire facias*,

*de bonis propriis.* Such, however, is not the case here. The original judgment was against the goods and estate of the intestate in the hands of the executors. At that time a deficiency of assets had not been ascertained. Upon the death of one of the executors *scire facias* was issued to revive the old judgment, not to obtain an execution *de bonis propriis.* The old judgment was revived against the goods and estate of the testator in the hands and possession of the defendant's principals.

Although the surviving executors had knowledge previous to the judgment on the *scire facias* that there was not personal property sufficient to pay. Mrs. *Griffen's* legacy, and might have shown that fact in defence, yet their neglecting so to do, however it might prejudice them, ought not to preclude the defendant, their surety, from showing it. He was not a party to any of the previous proceedings, and consequently had no opportunity to show it. He is now, for the first time, a party in court; and claiming the right to prove that the plaintiff in interest has suffered nothing by any neglect of the executors; that she has received from the estate even more than she was by law entitled to; it must be a severe principle that would preclude him from the opportunity of doing so.

It is clear that the executors suffered a judgment to be rendered against them, which they might have successfully resisted; and inasmuch as the defendant, their surety, was not a party, he ought not to be barred by that judgment thus negligently or collusively suffered by his principals, even were it *de bonis propriis*, but may now be permitted to avail himself of the same matter in his defence which they might have urged against the original suit or the *scire facias.* *Foxcroft v. Nevens*, 4 *Greenl.* 72; *Dawes v. Shed*, 15 *Mass.* 6; *Gookin v. Sanborn*, 3 *N. Hamp. Rep.* 491; *Tarbell v. Whiting*, 5 *New Hamp. Rep.* 63.

We are all of opinion that the real estate, having been specifically devised, is not holden to contribute to the payment of Mrs. *Griffen's* legacy; and that the defendant is not precluded, by reason of any of the previous proceedings appearing in the case, from showing that his principals have no assets wherewith to satisfy the legacy which this suit is brought to recover.