JOSEPH P. DILLINGHAM *versus* DANIEL C. WESTON, *Adm'r.*

No action, commenced after the insolvency, on a demand which does not come within the exceptions in the statute, can be maintained against the administrator of an insolvent estate, unless the claim has been previously laid before the commissioners.

When an action is commenced against the administrator of an insolvent estate, on a claim which does not come within the exceptions in the statute, and which has not been laid before the commissioners, it is not necessary that the objection should be taken by plea in abatement, but it may be done by plea in bar or brief statement.

THE suit was brought on July 18, 1839, to recover the amount of a promissory note, for which, it was alleged, Samuel Weston, on whose estate the defendant was administrator, was liable as one of several persons associated as the Fairfield Mill Company. The defendant pleaded the general issue, and by brief statement, that the estate of his intestate was, before the commencement of this suit, represented to be insolvent, and so decreed, and commissioners appointed. The counsel for the plaintiff objected to its reception as a defence in this stage of the suit, but it was admitted by SHEPLEY J. presiding at the trial. In proof of the facts alleged in the brief statement, the defendant introduced copies from the records of the Probate Court, by which it appeared that the estate had been represented to be insolvent, and that commissioners had been appointed on May 7, 1839. The plaintiff did not produce any evidence that the claim, or note, had ever been laid before the commissioners of insolvency.

The Judge ruled that the action could not be maintained. The plaintiff submitted to a nonsuit, which was to be set aside, if the admission of the brief statement, or the ruling of the Judge, was erroneous.

*Vose* and *Lancaster,* for the plaintiff, contended, that the plea should not have been received, because the subject matter could only be pleaded in abatement. The brief statement, with the general issue, amounts to a plea in bar. This is a dilatory plea, and not to the merits. It is but delaying the remedy. The plea does not deny, that the plaintiff has no

cause of action in any mode, but merely that the present action cannot be maintained in the present mode. Com. Dig. Abatement, B. 2.; Bac. Abr. Abatement, N; *Hunt* v. *Whitney*, 4 Mass. R. 623. This is like the case of want of indorser on a writ, which must be taken advantage of only in abatement. It is, like that, the objecting of a statute disability.

*Boutelle*, for the defendant, said the object of the statute on this subject, St. 1821, c. 51, § 25, was to provide for an equal distribution of the estate, after payment of the privileged claims, among all the creditors, and all the claims are to be laid before the commissioners. The words of the statute forbid the bringing of the suit until after the claim has been laid before the commissioners and rejected. The plea could not give the plaintiff a better writ, for no action, in any form, could be maintained. The case relied on for the plaintiff, *Hunt* v. *Whitney*, does not apply, as that suit was commenced in the lifetime of the insolvent intestate, but this was not until after the estate had been rendered insolvent. *Ellsworth* v. *Thayer*, 4 Pick. 122; *Paine J.* v. *Nichols*, 15 Mass. R. 264; *Johnson* v. *Ames*, 6 Pick. 330.

The opinion of the Court was by

TENNEY J.— Whether the brief statement of the defendant was properly admitted, when objected to by the plaintiff, must be determined by the admissibility of the mattter therein contained in *bar of the action.* It is insisted that the contents are in the nature of a dilatory plea, do not go to the merits of the action, and show merely a statute disability, and therefore can be taken advantage of, only in abatement. It is true, that this defence is not a denial, that there was ever a cause of action upon the note in suit, but that the cause which might have existed at one time against the maker, has ceased by his death, and as it now stands against the defendant has no foundation. There are some matters which may be pleaded in bar or abatement, and it is not necessary for us to decide in this case, what would have been the result, had the defendant relied upon the latter, seasonably pleaded. It was not in

the power of the defendant to give a better writ, which is ordinarily the true criterion by which to distinguish a plea in abatement from a plea in bar. 1 Chitty's Pleadings, 434, 445; *Evans* v. *Stevens*, 4 D. & E. 227. The plaintiff has not taken the steps, which entitle him to maintain any action against the defendant at this or at any time upon the facts as they now present themselves. The statutes of this State, provide " that no action brought against an executor or administrator of an estate represented insolvent, shall be sustained, except for debts due to the State, debts due for taxes, for the deceased's last sickness and funeral charges." Laws of Maine, 1821, c. 51, § 25. The same statute has provided that commissioners shall be appointed for the consideration and allowance of claims, and a rejection of such a claim, as the one here presented, by them, is a prerequisite for the maintenance of an action, so long as the estate is apparently insolvent, and may be considered as an element in the cause of action against *an administrator*. The death of the maker of the note has changed essentially the remedy of the plaintiff. He can resort to his action against the defendant only after having taken the steps which the statute points out. The defendant can be liable in no other way; no cause of action exists against him, if there be wanting any material which the statute requires; and such a want is as fatal to an action against the defendant, as a want of maturity in the note would be in an action against the maker, were he living.

When an estate has been represented insolvent, and so declared by competent authority, this could be pleaded in bar of a suit against an administrator. *Coleman* v. *Hall*, *Adm'r*, 12 Mass. R. 573. But if other assets should afterwards come to the hands of the administrator, the original claims of creditors would not be discharged by the record of insolvency, if not fully paid, but a further distribution would be decreed. And we do not perceive why a plea in bar, or what is the same thing, a brief statement, may not be introduced in one case with as much propriety as in the other. In an action against one as executor, that he is not such, may be pleaded in abate-

ment or bar.   5 Com. Dig. Pleading, 2, D, 3 — 7.   The authorities cited by the defendant's counsel, though this question was not distinctly presented to the Court therein, show that the practice sustains the ruling of the presiding Judge.

*Nonsuit confirmed.*