Mr. Chief Justice Sharkey
delivered the opinion of the court.
The appellant, at the August term, 1847, of the probate court of Amite county, presented his petition as administrator of the estate of James M. Norwood,, deceased, in which he represented the estate insolvent, and prayed that it might be so declared, and commissioners of insolvency appointed. The creditors resisted the application, and the court sustained their objections, and dismissed the petition.
Administration was granted in September, 1843, nearly four years before this petition was presented. In the petition, the administrator represents the proceeds of the sale of real and personal estate and other assets, to be $4090-38. That out of the assets and cash, the amount remaining in his hands was $547-12; that he. had paid debts to the amount of $5213-53; that there still remained unpaid, debts to the amount of $4493-92; making an aggregate of debts to the amount of $9707-45, and a deficit of real and personal estate of $5617-07. The only reason given in the petition for not having represented the estate insolvent is, that ther.e were suits pending against it. The *444 administrator does not even say that be did not know it to be insolvent. For any thing that appears, the suits may have been instituted against him to coerce payment of established debts.
The law on this subject is very plain. First, the administrator must be prompt in making his report of insolvency. H. & H. Dig. 407, sec. 76. Second, such report must be made before he pays any debts. Ib. 409, sec. 80. When the estate, real and personal, is insufficient to pay all the debts, it shall be distributed among all the creditors in proportion to .the sums to them respectively due. An administrator cannot prefer creditors; the law gives each a lien in proportion to his-claim, and an administrator cannot pay out to the prejudice of others.
The petitioner, from his own showing, has violated the law. He must have known the condition of the estate at a much earlier period, and yet he was four years in bringing forward his report. In the case of Parker v. Whiting’s Adm’r., it was held, that an administrator was bound, except under peculiar circumstances, to bring in his report of insolvency at the expiration of three years at most, that being the time allowed for the presentation of foreign claims; at that time he must know the condition of the estate, and the statute requires that the report of insolvency shall be made “ as soon as may be.” This must be done, too, before the payment of any debts. A very rigid construction of the law in this particular might, lead to difficulties, as an administrator may be coerced to make payments before he can know that the estate is insolvent. In such cases it would seem that he should be excused'on a showing that he had been compelled to pay. As the law now stands, all claims must be presented within two years; within that time, then, the administrator should be able to know the condition of the estate. Not only is this application made four years after administration, but the administrator states that he -has paid off debts to the amount of several thousand dollars, which had exhausted all the estate except about five hundred dollars, which he wished to have distributed amongst creditors claiming as many thousands. These creditors had equal rights with those who had previously received their whole' claims. The admin *445 istrator is not liable beyond' the amount of assets; but to that amount he is liable, and if the estate be insolvent, the creditors are entitled to an equal distribution of the whole estate. If he has paid more to some than they were entitled to, he must make up the deficiency which this has caused, and ought not to be permitted to make a report which will cut short the dividends of some of the creditors, whilst others have been fully paid. If he will provide for the unpaid creditors, then perhaps there could be no objection to his reporting the estate insolvent. But such a report is conclusive. The administrator must exhibit a true account of the debts to be paid, with the amount of the estate. In this instance, if the report of insolvency had been allowed, the unpaid creditors had but the residue of the estate to look to. For the balance,. their remedy was on his bon'd. The probate court is to direct the distribution of an insolvent estate, and the administrator should produce the fund to be distributed. The great objection to an allowance of the petition is, that it would seem to sanction maladministration. The court must be satisfied that an estate is insolvent before it so declares it. It must of course, then, have some discretion in the matter. The administrator has shown no peculiar circumstances which would excuse his great delay, nor does he even say that he was ignorant of the insolvency of the estate. We see nothing in the case which would justify us in saying that the probate court erred. ■ The law does not leave the administrator to be guided and controlled by his own discretion, and if in that way he is involved in difficulties, the fault is his own.
Judgment affirmed.