## RUFUS W. CARVER *vs.* SUSAN E. WELLS.

After judgment by default against a defendant executor execution issued, on which the officer made return, under Pub. Stat. R. I. cap. 189, § 10, that he could find no estate whereon to levy. *Scire facias* with suggestion of waste then issued under the same section.

*Held,* that the defendant could not show under the above section, in reply to the *scire facias,* that he as executor had not and never had estate to satisfy the plaintiff's claim, and that he had fully administered.

Default is an admission of assets. *Plene administravit* as a defence to the *scire facias* is inadmissible because available in the original action. If the estate was insufficient it should have been represented insolvent, and this would give the executor substantially the same protection as a plea of *plene administravit.*

EXCEPTIONS to the Court of Common Pleas.

*May* 7, 1892. STINESS, J. The plaintiff, in the District Court, obtained judgment by default against the defendant, as executrix of the will of Albert A. Pierce, late of Providence. Execution issued, upon which the officer made return, under Pub. Stat. R. I. cap. 189, § 10,[1] that he could find no estate whereon to levy the same, and thereupon, pursuant to the same section, he brought this writ of *scire facias*, with a suggestion of waste, against said executrix. At the trial in the Court of Common Pleas, the defendant offered to show in evidence that the defendant as executrix had not and never had in her hands and possession, as such executrix, estate with which to satisfy the plaintiff's claim, and that she had fully administered all property and estate that came to her hands. This evidence was ruled out by the court, and the case is now before us on exception to that ruling.

It is well settled that a judgment by default against an executor or administrator is an admission of assets to the amount of the claim in suit, and that to the *scire facias*, by reason of the conclusiveness of the judgment that he has assets, he is not permitted to plead *plene administravit*. The reason for this rule is clear. In England, under a system allowing various priorities or preferences in the order of paying debts, if there was no estate applicable to debts of the class sued upon, the executor or administrator was bound to plead this fact in the original suit, both with reference to the judgment which might ensue and also to escape the tacit admission of assets. Without such a plea, the issue would ordina-

---

[1] As follows : —

"If the execution shall issue as aforesaid against the estate of the testator or intestate in the hands of the executor or administrator, and the officer charged with the service thereof shall return thereon that he cannot find any such estate whereon to levy such execution, and that the same has not been satisfied by such executor or administrator, a writ of *scire facias* may be sued out of the office of the clerk of the same court against such executor or administrator, containing a suggestion of waste, which writ, being duly served by the officer to whom it shall be directed, and by him returned, if the executor or administrator make default of appearance, or, coming in, shall not show sufficient cause to the contrary, execution shall be awarded against him and his own proper estate for the sum recovered, with interest due thereon, with costs, and, for want of estate, against the body of such executor or administrator, as for his own proper debt."

rily be upon the merits of the plaintiff's claim, and the executor failing upon this ground ought to be precluded from presenting another defence. But to allow the defence of *plene administravit*, in *scire facias*, amounts to giving the executor another trial, upon a defence which might have been presented in the first trial. In this country, outside of a few preferred claims, like expenses of administration, sickness, etc., all creditors share equally; and, if the estate is not sufficient to pay them all, the statutes of the several States provide for representing the estate insolvent, which furnishes to the executor substantially the same protection which he would get under the plea of *plene administravit*. It is made his duty so to represent the estate in such a case, and his omission to do it is properly taken to be an admission of assets sufficient to pay a debt which he allows to go to suit and judgment. *Dickson* v. *Wilkinson*, 3 How. U. S. 57; *Newcomb* v. *Goss*, 1 Metc. 333; *Coleman* v. *Hall*, 12 Mass. 570; *Walker* v. *Kendall*, Hardin, Ky. 404; *People* v. *Judges of Erie*, 4 Cow. 445; *Bramblet* v. *Webb*, 19 Miss. 438; *Howell's Adm'rs* v. *Pott's Adm'rs*, 20 N. J. Law, 1; *Grace* v. *Martin*, 47 Ala. 135. The defendant does not question the general rule laid down in these authorities, but contends that the words of section 10, "If the executor or administrator make default of appearance, or, coming in, shall not show sufficient cause to the contrary, execution shall be awarded against him" *de bonis propriis*, so modifies the general rule as to allow the defendant to put in any defence. We have considered the reason and effect of the rule, in order to determine more clearly whether the statute was intended to extend the common law doctrine and practice, or simply to be declaratory of it. We do not think it was intended to modify the old practice. To give it this effect would allow an executor or administrator to make default in the original case, and after causing the plaintiff the delay, trouble, and expense of a resort to *scire facias*, to avail himself of the same defence which he might have put in at first. This does not seem to be reasonable or proper, especially in view of the fact that adequate force can be given to the words, "shall not show sufficient cause to the contrary," by a conformity to the rule above stated.

Under the English practice, the defendant might rebut the inference of a *devastavit* by showing that there were goods of the tes-

tator, and that he showed them to the sheriff under the original execution. *Leonard* v. *Simpson,* 2 Bing. N. C. 176, 179; *Wheatley* v. *Lane,* 1 Williams' Saunders, 216 *a,* 219 *c,* note. In this country, it has been held that insolvency proceedings, after the recovery, may be pleaded. *Coleman* v. *Hall,* 12 Mass. 570; *Burk's Adm'rs* v. *Jones & Allen,* 13 Ala. 167. Defences of this character may show " sufficient cause to the contrary " without impeaching the conclusiveness of the judgment, or altering the well-established rule; and, considering the reasons for the rule, we cannot think the statute was meant to do more than to provide for such defences. We are therefore of opinion that the testimony offered was properly excluded, and that the exceptions must be overruled.

*Exceptions overruled.*

    *John F. Lonsdale,* for plaintiff.

    *Charles H. Page & Franklin P. Owen,* for defendant.