JAMES H. BURGESS, Judge of Probate,

*vs.*

D. BENSON YOUNG, and others.

Penobscot.    Opinion April 4, 1903.

*Probate.   Executors and Admrs.   Liabilities of Estate.   Priorities and Payment.
Liabilities on Bonds.   R. S., c. 66, §§ 1, 2; c. 87, § 3, c. 72, §§ 10, 13.*

By R. S., ch. 66, § 2, when by proper proceedings in probate court, it is demon-strated that the estate is not sufficient to pay more than the expenses of the funeral and administration, and the first four classes of debts named in sec-tion 1 of the same chapter, that fact, whenever ascertained, may be pleaded and shown in defense to a suit on the administrator's bond.

In a suit upon such bond, any defenses are open to the sureties which they have a right to make, whatever the liability of the administrator alone may be.   And while a judgment against an administrator is for the most pur-poses conclusive upon his sureties, if it be upon the merits, yet they are not in all cases concluded.

When an estate is not sufficient to pay more than the funeral expenses and expenses of administration and the first four classes of debts named in R. S., ch. 66, § 1, the administrator is exonerated from payment of any claim of the fifth class, without representation of insolvency.

*Held;* that the non-liability of the sureties was judicially ascertained when the administrator's account was subsequently settled, showing that the estate was exhausted by the expenses and the first four classes named in R. S., c. 66, § 1.

An administrator was appointed who gave bond and filed an inventory. After notice and demand, a creditor brought suit against the administrator in which no pleadings having been filed, the plaintiff recovered judgment against the defendant as administrator.   Execution was issued upon the judgment and placed in the hands of an officer, who made demand for pay-ment on the administrator, or to show personal estate of the deceased wherewith to satisfy the execution; but the administrator refused to do either, and the execution was returned wholly unsatisfied; thereupon, the plaintiff brought an action of debt on the administrator's bond in the name of the judge of probate.   In the meantime the administrator had done nothing towards settling the estate but file the inventory.

To this action on the bond the administrator and his sureties filed the plea of general issue and a brief statement that the estate upon settlement in pro-bate subsequently was not more than was sufficient to pay the expenses and claims of the first four classes mentioned in R. S., c. 66, § 1; and that

said administrator has not, and had not at the date of the purchase of the plaintiff's writ, in his hands any estate whatsoever of the intestate over and above the allowance to the said widow and the expenses of administration and of the last sickness of the intestate. The defendants offered to prove the defense set up in the brief statement, but the plaintiff objected to it as incompetent and furnishing no defense.

*Held;* that the evidence offered was admissible and will constitute a defense to the plaintiff's action.

On report. Case to stand for trial upon the evidence offered by defendants.

Debt on an administrator's bond in the name of the Judge of Probate, under R. S., c. 72, §§ 10 and 13, to recover a judgment obtained against his estate after letters of administration were issued. Plea, general issue and brief statement that no estate remained in the administrator's hand after having paid the expenses of the intestate's last sickness, expense of administration, and allowance to the widow, as appears by his account settled in the Probate Court since this action was brought. The estate was not represented insolvent, and the plaintiff contended that the administrator's liability was absolute.

The facts are fully stated in the opinion.

*D. D. Stewart,* for plaintiff.

Not having alleged upon the docket in the original suit the insolvency of the estate, or alleged that the case fell within the provisions of R. S., c. 66, § 1, upon which the offered evidence is based, defendants are estopped to set up the same facts in the present suit. They are estopped to deny assets.

The creditor had obtained judgment against the administrator; execution thereon had been returned wholly unsatisfied; and this action had been pending on the bond more than a month, before any proceedings were begun in the Probate Court to defeat it.

Thus the plaintiff had admittedly pursued all the steps required by statute to perfect his right to recover. He had acquired that right under the standing laws of the land, and it had become fully vested when this suit was commenced. Plaintiff's rights so acquired and vested could not be taken away even by act of the legislature subsequently passed, much less by the subsequent acts of the administrator.

*F. J. Martin and H. M. Cook; L. C. Stearns,* for defendants,

SITTING:   WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, SPEAR, JJ.

SPEAR, J.   This case comes up on report upon the following facts :   D. Benson Young was appointed administrator on the estate of his father, Charles L. Young, late of Newport, deceased, and gave the bond in suit on the 23rd day of February, 1897, and filed an inventory on the 31st day of May, 1898, which disclosed personal estate to the value of two hundred and sixty dollars.   After notice and demand of payment, of which the defendant took no notice, the creditor of said Charles L. Young, on the 11th day of February, 1899, brought suit against the administrator, D. Benson Young, in Somerset County at the March term of court, 1899, to which the defendant duly answered.

At the following September term of court, on the 18th day of October, 1899, the plaintiff recovered judgment against the defendant, as administrator, and on said day court finally adjourned, no representation of the insolvency of said estate or of the want of funds or property, or suggestion that the estate fell within the provisions of section one of chapter 66 of the Revised Statutes, having been made by said administrator upon the docket of said court during the pendency of said action.

Execution was issued and placed in the hands of a duly qualified officer, who made demand of payment on the administrator, or to show personal estate of the deceased, wherewith to satisfy said execution, but the administrator refused to do either, and said execution was returned wholly unsatisfied.   Thereupon the plaintiff brought an action of debt on the administrator's bond in the name of the Judge of Probate for Penobscot County, returnable to the January term, 1901, of the Supreme Judicial Court for Penobscot County. In the meantime the administrator had done nothing toward settling said estate but file the inventory.

To this action of the plaintiff on the bond, the defendants filed the plea of general issue and a brief statement, upon which they rely for defense, setting forth the following facts:   That on the 30th day of January, 1900, the administrator presented his account, which was,

on the 13th day of June following, allowed, and left a balance in his hands of one hundred and forty-six dollars and seventy-five cents; that on the 28th day of February, 1900, the Judge of Probate, after petition, due notice and hearing, made an allowance of said balance of one hundred and forty-six dollars and seventy-five cents to Abba M. Young, widow of said intestate, and that all of the estate of said intestate was not more than was sufficient to pay expenses and claims of the first four classes mentioned in section one of chapter 66 of the Revised Statutes; and that said administrator has not, and had not at the date of the purchase of the plaintiff's writ, in his hands, any estate whatsoever of the intestate, over and above the allowance to said widow and the payment of the expenses of administration and of the last sickness of the intestate.

The report presents the exact question to be determined as follows: Without a ruling of the court upon this motion, the defendants offered to prove the proceedings set out in the brief statement by the records of the Probate Court. The plaintiff objected in limine to any and all such evidence as incompetent and furnishing no defense. By consent of parties the case is reported to the law court. If, against the objections of the plaintiff, the evidence offered by the defendants is admissible and will constitute a defense in whole or in part, the action is to stand for trial; otherwise judgment is to be entered for the plaintiff.

We think the evidence offered by the defendants should be admitted. The plaintiff's position is inequitable. If sustained it will enable him to make the sureties, on the administrator's bond, his debtors in the sum of over three hundred dollars, upon a claim admitted to be of no value against the estate.

Section 1, chapter 66, of the Revised Statutes, provides that, "an insolvent estate, after payment of expenses of the funeral, and of administration, shall be appropriated:

1.   To the allowance made to the widow or widower, and children.

2.   To the expenses of the last sickness.

3.   To debts entitled to a preference under the laws of the United States.

4.　To public rates and taxes, and money due the State.

5.　To all other debts.

A creditor of one class is not to be paid, until creditors of preceding classes, of which the administrator had notice, are fully paid."

Section 2 provides: "When an estate is not sufficient to pay more than such expenses, and claims of the first four classes, the administrator is exonerated from payment of any claim of the fifth class, without making a representation of insolvency."

The case at bar comes clearly within this section. The brief statement, for the purposes of this case admitted to be true, shows that the estate was not sufficient to pay more than the expenses of funeral and administration, and the first four classes enumerated in section 1; in fact, it was all consumed in the payment of the expenses and the first class; hence the administrator was exonerated from payment of the plaintiff's claim, which came within the 5th class, without representation of insolvency.

The statute is entirely silent as to the time when the administrator shall ascertain the condition of the estate of his intestate, or when he shall settle his final account, in order to exonerate himself from paying the debts of the 5th class. The language is "when an estate is not sufficient etc." That is, at whatever time, in the settlement of the estate, it is discovered that the estate "is not sufficient," then the administrator is exonerated. In the absence of any statute to the contrary, the discovery of the insufficiency of the estate would be seasonable, if the settlement of the final account, showing the facts necessary to exonerate, was entered upon the records of the Probate Court, in time to enable such records to be pleaded in defense to the action on the bond.

The sureties became liable for the faithful administration of all the assets of the estate that might come into the administrator's hands. They assumed liability for any negligence, on his part, in properly protecting and distributing such estate. The report shows that the administrator did distribute the whole estate according to the order of court, and duly settled his final account, and that the assets of the estate were all consumed in paying the expenses and the widow's allowance, a claim of the first class. These facts clearly brought

the procedure, in the settlement of the estate, under section 2 of chapter 66. But section 2, under these circumstances, expressly relieved the defendants from any liability for the payment of claims of the 5th class without representation of insolvency.

But the plaintiff says that the administrator should have rendered the estate insolvent, and having neglected to do so, and thereby prevent the issue of a judgment against him, he is not now permitted to come into court and make the defense he could, even if his statement is true, and should have made against the recovery of the plaintiff's judgment; that by permitting the plaintiff to take judgment the defendant admitted that he had funds of his intestate, in his hands, sufficient to pay the plaintiff's judgment, and that, such funds being admitted, upon the refusal of the administrator to pay the judgment or point out personal property with which to do so, the sureties on the administrator's bond were thus made liable. Our discussion of this branch of the case will proceed upon the ground that the estate should have been rendered insolvent, but, by the neglect of the administrator, was not. The plaintiff's theory is that his judgment against the administrator is conclusive upon both the principal and sureties, and not open to the defense of nulla bona or plene administravit. But it is well established, both in this State and in Massa chusetts, that a judgment against the goods and estate, in the hands of an administrator, is not conclusive, as to all defenses, against the sureties.

In *Bourne* v. *Todd*, 63 Maine, 434, a case like the one at bar, our court held that the extinguishment of the administratrix' authority, at the time the suit was brought against her, was available as a defense by the sureties to an action on her bond. The court, p. 434, say: "For if to the plea of general performance, the plaintiff had replied, substantially, the recovery of the judgment, demand, refusal and return of nulla bona, and the defendants had rejoined an extinguishment of the administratrix' authority, we think the rejoinder would constitute a good answer to the replication so far as the sureties are concerned, and the evidence offered admissible and would sustain it."

In Massachusetts, before separation, it was held that the sureties on an administrator's bond were entitled to plead the statute of limi-

tations to an action against them on the bond. *Dawes* v. *Shed*, 15 Mass. p. 6. This decision has never been questioned by the court who made it, but has been cited with special approbation in *Heard* v. *Lodge*, 20 Pick. p. 53, 32 Am. Dec. 197, and in *Wells* v. *Child*, 12 Allen, p. 336.

*Dawes* v. *Shed*, 15 Mass. 6, was exactly like the case at bar so far as the plaintiff's claim was concerned. The court p. 9 say: " The administrator, however, in the present case, suffered a judgment to go against him, not having pleaded the statute; and in a suit to which his sureties, or their representatives, were not parties; so that they had no opportunity to defend themselves under the statute. We are clearly of opinion that, under these circumstances, the executors of the surety have a right, in the present action, to plead the same matter in their defense; not being barred by a judgment, suffered collusively or negligently by the administrator, from a protection which the law intended for their benefit. If it were otherwise, they would be precluded, by a judgment passed inter alois, and which they had no means of preventing, from asserting a privilege which was manifestly intended to be secured to them by the statutes."

So in the case at bar, the sureties had no opportunity to defend themselves against the claim of the plaintiff, which culminated in his judgment against the goods and estate of the deceased in the hands of the administrator. If they are now prevented from making the defense set up in their brief statement, they will also be precluded by a judgment passed inter alios and which they had no means of preventing. There seems to be no more reason for permitting the right of the sureties to plead extinguishment of authority, or statute of limitations, than for asserting their right to plead any other defense. It is the neglect on the part of the administrator to make the defense, that is injurious. And neglect to make the defense of nulla bona is just as injurious as neglect to make the defense of the statute of limitations or extinguishment of authority. The one defense leaves both parties in just the same situation as the other. The plaintiff is no worse off with the defense of nulla bona than with that of the statute of limitations, and the defendant no better off. The kind of defense is immaterial. It is the opportunity to make it

which is important, and there seems to be no good reason why the opportunity should not extend to the neglect of the administrator to make any kind of defense which could legally have been made.  We think that the principle underlying the decision of the last two cases would admit the defendant's evidence.

There is another line of cases, which, by analogy, are directly in point.  Chapter 87, R. S., § 3, provides that when an officer makes a return of nulla bona on an execution against an estate, a writ of scire facias suggesting waste, may be issued against the executor or administrator.  There is no good reason why scire facias on a judgment does not rest upon the same ground as an action upon a bond, on the same judgment.  The Massachusetts statute, relating to scire facias, is similar to ours, hence the Massachusetts decisions relating to this subject are in point.  But it has been held by a long and well considered line of decisions that the defense of nulla bona or plene administravit may be interposed to an action of scire facias.

In *Fuller* v. *Connelly*, 142 Mass. p. 230, after citing the provision of the statute relating to scire facias, the court say :

"This provision, in substance, has been in force since the statute of 1783, c. 32, was enacted.  The policy has always been to make an executor or administrator liable de bonis propriis to a judgment creditor only on the ground of waste.  It may be that the burden is put upon the executor of proving that there has been no waste; but, if he can show this, it is the clear implication of the statute that he shall not be liable on scire facias.  If, then, he can show that, since the judgment was rendered, there had been an adjudication of insolvency, or the *settlement of the account* showing that all the assets have been exhausted in paying *preferred charges and claims*, he shows that there has been no waste, and therefore that he is not liable for the judgment.  It was held in the early and well considered case of *Coleman* v. *Hall*, 12 Mass. 570, that, in scire facias on a judgment recovered against an administrator, it was a defense to show that after the judgment, a representation and adjudication of the insolvency of the estate was made.

"This was approved in *Shillaber* v. *Wyman*, 15 Mass. 322, and extended to a case where the estate was represented insolvent after

the scire facias was brought. It was also approved in *Walker* v.
*Hill*, 17 Mass. 380.

"The other remedy of a judgment creditor is by a suit upon the
bond under the Pub. Sts. c. 143. This statute merely gives the
judgment creditor the right to put the bond in suit for his own
benefit, but does not define his rights, or the liability of the executors
or his sureties. It cannot reasonably be contended that the liability
of the executor or his sureties is greater in a suit upon the bond than
it is in scire facias upon the judgment, and therefore the cases we have
referred to are applicable to the case at bar, and show that the defense
is maintained."

In *Hayes* v. *Seaver*, 7 Maine, p. 239, the court says:

"As a general proposition, perhaps it may be admitted that if the
executor neglected to plead nulla bona, or plene administravit, but
suffer judgment to be rendered against him, he shall be bound by
the judgment, and shall not afterward be permitted, in avoidance of
such judgment, to deny assets, although he might have done it under
the proper plea. But to this general proposition there are exceptions.
As in the case of insolvent estates, where the insolvency is established
subsequent to the rendition of the judgment against the goods and
estate of the deceased in the hands of the administrator; on scire facias
suggesting waste, and pray for execution against the administrator
de bonis propriis, the insolvency may be shown in bar to the execu-
tion, notwithstanding judgment. *Coleman* v. *Hall*, 12 Mass. 570.

"In this case, it may be true, as contended, that the executors
themselves, having been defaulted in the original suit, would not now
be permitted to deny assets. But we do not admit that a judgment
thus rendered against the principal is equally binding upon the surety,
even if it had been rendered, either originally or on scire facias de
bonis propriis."

With reference to the liability of the surety the court further
says: "He was not a party to any of the previous proceedings, and
consequently had no opportunity to show it (his defense). He is
now, for the first time, a party in court; and claiming the right to
prove that the plaintiff in interest has suffered nothing by any neglect
of the executors; that she has received from the estate even more than

she was by law entitled to; it must be a severe principle that would preclude him from the opportunity of doing so. It is clear that the executors suffered a judgment to be rendered against them, which they might have successfully resisted; and inasmuch as the defendant, their surety, was not a party, he ought not to be barred by that judgment thus negligently or collusively suffered by his principals, even were it de bonis propriis, but may now be permitted to avail himself of the same matter in his defense which they might have urged against the original suit or the scire facias. *Foxcroft* v. *Nevens,* 4 Greenl. 72; *Dawes* v. *Shed,* 15 Mass. 6; *Gookin* v. *Sanborn,* 3 N. H. 491; *Tarbell* v. *Whiting,* 5 N. H. 63."

It is worthy of notice in this connection that *Dawes* v. *Shed,* supra, an action upon a bond, is favorably cited by our own court in *Hayes* v. *Seaver,* supra, an action of scire facias, in support of the same defense as was sustained in the action on the bond, thereby admitting that the same defense may be pleaded to either form of action.

We think that the principle is well established that the sureties upon an administrator's bond can, in an action like the one at bar, plead nulla bona or plene administravit. This principle is derived not only from analogous cases but by at least one case directly in point sustaining the defendant's contention, not only as to the liability of the sureties, but the principal as well. *Fuller* v. *Connelly,* 142 Mass. 227.

On the other hand, we have not been able to find a case in our State that sustains the contention of the plaintiff. *Sturgis* v. *Reed,* 2 Greenl. p. 109, relied on by the plaintiff, as on all fours with the case at bar, was a writ of scire facias upon a judgment against the estate of the intestate in the hands of the administrator. The question involved in the case was one of pleading and was whether an execution, having been set aside by order of the court, was regularly issued. To the writ of scire facias the defendant pleaded in bar the order of court setting aside the execution, and the court says p. 112, "the order of court is the only material fact stated in the plea." Also, "the record discloses nothing which shows that the execution, on which the return was made, had issued irregularly or improperly. It is true it appears that the estate of the intestate

was represented insolvent before the defendant assumed the defense, and that it actually is insolvent; still as there was no averment in the defendant's plea in the former actions, that the estate was under a representation of insolvency nor any motion made and entered on the docket after judgment was rendered, for a stay of execution on account of such insolvency, the clerk was authorized and it was his duty to issue execution in the manner before stated."

Therefore the point decided in this case was that the order of court, revoking the execution which had been regularly issued, could not be pleaded in bar to a writ of scire facias on the judgment. What other plea or brief statement the court would have admitted, in defense in this case, had it been offered, does not appear; hence the above case should be regarded as a precedent only upon the point decided. But it is thoroughly established by the cases already cited, that in scire facias "it was a defense to show that, after judgment a representation and adjudication of the insolvency of the estate was made." *Fuller* v. *Connelly*, 142 Mass. p. 230; *Coleman* v. *Hall*, 12 Mass. 570; *Shillaber* v. *Wyman*, 15 Mass. 322; *Walker* v. *Hill*, 17 Mass. 380.

*Thurlough* v. *Kendall*, 62 Maine, 166, is also cited as in direct support of the plaintiff's contention, but Chief Justice PETERS expressly says: "But we are not required to decide whether the judgment exhibited here would operate as an estoppel or not."

Chief Justice Morton, in *Fuller* v. *Connelly*, 142 Mass. 227, in a well considered opinion sustaining the contention of the defendant in the case at bar says: "The case of *Newcomb* v. *Goss*, 1 Met. p. 333, is opposed to this view. It was there held, that representation of insolvency, made after the suit upon the bond was commenced, was not a defense; and that the administrator and his sureties were personally liable for the full amount of the judgment, without regard to the question whether there was in fact any waste. It is noticeable that the cases which we have cited were not referred to by the court or the counsel in the case of *Newcomb* v. *Goss*, but it is irreconcilable with those earlier decisions, which seem to us to be founded upon better reasons." This case, overruling *Newcomb* v. *Goss*, fully sustains the contention of the defendants.

While we think the case at bar comes within section 2, ch. 66,

Revised Statutes, and that the administrator was not required to render the estate insolvent at any stage of the proceedings and that, without doing so, he is entitled to offer evidence under his brief statement, yet, as the greater includes the less, it became necessary, in order to apply legal principles to the case, to proceed farther and discuss the legal propositions that would apply, had it been the administrator's duty to represent the estate insolvent, with which duty he had failed to comply. And the doctrine seems well established that, in the latter case, the sureties would be entitled to make the defense of nulla bona or plene administravit.

In *Siglar and All, Administrators, Plaintiffs in error* v. *John Hayward, Defendant in error*, 8 Wheaton, p. 675, the administrators were permitted to make a defense to an action of debt on a judgment under the plea of nil debet and plene administravit.

This case was decided in 1823 and Chief Justice Marshall delivered the opinion of the court in which he said, "It is now well settled, and the case cited from Cranch, in the argument, is founded on the principle that if an administrator fails to sustain his plea of fully administered, he is not on that account liable to a judgment beyond the assets to be administered. The plea is not necessarily false within his own knowledge. He may have failed to adduce proof of payments actually made. It is not required that the plea should state with precision the assets remaining unadministered; and an executor or administrator would always incur great hazard, if he were required to state and prove the precise sum remaining in his hands, under the penalty of being disposed to a judgment for the whole amount claimed, whatever it might be. To state a full administration without proving it would be useless. The rule and usage, therefore, is that if the plea of fully administered be found against the defendant, the verdict ought to find the amount of assets unadministered and the defendant is liable for that sum only. The instruction of the court on this point is erroneous, and consequently the verdict and judgment founded on it must be set aside and reversed."

We think this view of the law is the just one. If the brief statement in the case is true, the plaintiff could not have collected any part of his claim from the estate. And, inasmuch as he can take

out execution against the administrator personally for his costs, he would lose nothing.    As stipulated in the report,

*Case to stand for trial.*