Strafford,
June 3, 1919.

HARRY F. BLAISDELL, *adm'r, & a. v.* CYNTHIA PEAVEY.

It is illegal for the administrator of an insolvent estate to prefer certain of the creditors, nor can any creditor obtain a preference by reducing his claim to judgment and levying on the goods of the deceased in the hands of the administrator, for any such levy which gives one of them a preference is void as to the others.

PETITION, for partition. Trial by the court. Thomas W. Peavey died in November, 1914, and the following December the defendant qualified as executrix of his will. The plaintiffs sued her in that capacity in 1916 to recover for injuries caused by the deceased's negligence, and recovered judgment March 31, 1917, and levied on the deceased's real estate in part satisfaction of their judgment. They allege in this proceeding that they are the owners of the property subject to the defendant's dower and homestead, and pray that their share may be assigned to them in severalty. The court permitted the defendant to intervene in her representative capacity, and show that on April 18, 1917 (eighteen days after the plaintiffs recovered judgment against her) she applied to the probate court for permission to administer the deceased's estate as insolvent and that the court granted her petition without notice. When her attention was called to P. S., *c.* 192, *s.* 1, as amended by Laws 1903, *c.* 15, requiring notice if the application is made more than one year after the original grant of administration, she filed a new petition, complied with the provisions of this section in respect to notice, and the court entered up a new decree of insolvency. Transferred from the February term, 1918, of the superior court by *Branch,* J., on the plaintiffs' exception to the

granting of the defendant's motion to dismiss on the ground that the deceased's estate is insolvent.

*Everett J. Galloway* and *William S. Pierce* (*Mr. Galloway* orally), for the plaintiffs.

*Felker & Gunnison* and *Mathews & Stevens* (*Mr. Felker* orally), for the defendant.

YOUNG, J. It may be true, in so far as this is a proceeding against the defendant as the deceased's widow, that the plaintiffs' levy is valid. P. S., c. 191, s. 24; *Lyford* v. *Dunn*, 32 N. H. 81; *Mead* v. *Harvey*, 2 N. H. 341. But while these cases hold that a judgment creditor may levy on the goods and estate of the deceased in the hands of his administrator, they do not hold, as the plaintiffs contend, that when the estate is insolvent, one who has levied secures a preference over the other creditors. All they hold in so far as the question of preference is concerned is that a levy cannot be attacked collaterally. *Lyford* v. *Dunn*, 32 N. H. 81, 83. The question whether the plaintiffs' levy may be attacked in that way is not, however, raised by their exception, for, as the case is understood, the court treated the defendant's intervention in her representative capacity as a direct attack, that is, as a motion to bring the original action forward and vacate the levy.

It is illegal for the administrator of an insolvent estate to satisfy the claims of part of the creditors. *Coleman* v. *Hall*, 12 Mass. 570. If it is illegal for an administrator to prefer part of the creditors, it follows that they cannot legally secure a preference by reducing their claims to judgments and levying on the goods of the deceased in the hands of the administrator. Any levy, therefore, which gives one of the creditors of an insolvent estate a preference is void as to the other creditors. Since this is so, the question raised by the plaintiffs' exception is whether the court can vacate a voidable levy if it finds that is necessary to prevent injustice; and that it may is not an open question. It is immaterial, therefore, in so far as the question we are considering is concerned whether the insolvency proceeding is valid or invalid, in so far as the plaintiffs are concerned, for the general finding for the defendant will be held to include a finding that the plaintiffs' levy gives them a preference over the other creditors.

*Exception overruled.*

All concurred.