WILLIAM E. FULLER, Judge of Probate, *vs.* MARY CONNELLY & others.

Bristol. Oct. 28, 1885. — July 2, 1886. FIELD & C. ALLEN, JJ., absent.

The settlement in the Probate Court of an administrator's account, showing that he has exhausted all the estate of his intestate in paying the expenses of the last sickness, funeral, and administration, is a good defence to an action brought against the administrator, upon his bond, although the administrator has suffered a judgment to be recovered against him before such settlement of his account.

MORTON, C. J. This is a suit upon an administration bond. The only breach alleged is that the plaintiff recovered judgment against the administratrix, which she refused to pay upon demand.

It is agreed that all the property left by the intestate has been expended by the administratrix in the payment of the necessary

---

* This point was not argued on either side, and is therefore not made the subject of a head note.

expenses of the last sickness, funeral, and administration; and that the administratrix is to have the same benefit of those payments as if allowed by the Probate Court on an account duly filed by her since the date of the plaintiff's suit.

Our statutes provide that, "if it appears, upon the settlement of an account of an executor or administrator in the Probate Court, that the whole estate and effects which have come to his hands have been exhausted in paying the charges of administration and debts or claims entitled by law to a preference over the common creditors of the deceased, such settlement shall be a sufficient bar to any action brought against such executor or administrator by a creditor who is not entitled to such preference, although the estate has not been represented insolvent." Pub. Sts. c. 136, § 5.

If all the assets are exhausted in paying charges of administration and preferred claims, there is no occasion for setting in motion the machinery of insolvent proceedings; and the purpose of the statute was to give to the settlement of an account showing this fact the same effect, so far as the rights of creditors are concerned, as a representation and adjudication of insolvency. It cannot be doubted that a settlement of such an account, or a representation of insolvency, before a creditor has obtained judgment in a suit, would be a defence to the suit. *Cushing* v. *Field*, 9 Met. 180. But the plaintiff contends that such defence is not open after a judgment is obtained; that, by allowing such judgment to be rendered, the administratrix conclusively admits assets sufficient to pay the judgment; and that the sureties in a suit upon the bond are bound by this admission. It may be assumed that a judgment against the administratrix is conclusive as to any defence which was or could have been pleaded in the action, except the defence of the special statute of limitations, which stands upon grounds peculiar to itself. *Robinson* v. *Hodge*, 117 Mass. 222, and cases cited. But the defence relied upon was not, and could not have been, pleaded in the original suit in this case. No account had been settled showing that all the assets were exhausted. The defendants do not now attempt to impeach the judgment, but they prove that, since the judgment was rendered, facts have occurred which show that there are no assets of the estate with which to pay it. Under our

system, where a creditor sues an administrator for a debt due from the estate, the question of the amount of assets is not ordinarily involved in the suit; and it is difficult to see why an administrator, who is defaulted in such a suit, should be held to admit assets so as to bind himself and his sureties personally, if the estate afterwards turns out to be insolvent.

A creditor may sue at any time after the expiration of a year from the filing of the bond, but an administrator is not obliged, at his peril, to ascertain within the year whether the estate is solvent. The amount of the property and of the debts may both or either be then unascertained and uncertain; and if, after the year has expired, he ascertains that the property is not sufficient to pay the debts, it is his duty to represent the estate insolvent. If, in the mean time, any creditor has obtained a judgment, he can prove the amount of it in the insolvency proceedings. By obtaining judgment, he does not obtain any priority over other creditors; and we can see no good reason why he should gain the right to call upon the administrator or his sureties to pay the judgment, although the estate is insolvent. The principal obligation of the bond is, that the administratrix shall faithfully administer all the assets which come to her hands; and we are of opinion that it is open to the sureties in this suit to show that she has applied all the assets to the payment of preferred charges and claims, by showing the settlement of an account under the statute. It seems to us that this conclusion is supported by reason and by the weight of the authorities.

There are two modes in which the personal liability of an administrator upon a judgment against him in his representative capacity can be established and enforced by the judgment creditor : by *scire facias* upon the judgment, and by a suit upon the bond.

The Pub. Sts. *c.* 166, § 10, provide that, " when an execution against an executor or administrator for a debt due from the estate of the deceased is returned unsatisfied, the creditor may upon a suggestion of waste sue out a *scire facias* against the executor or administrator. If the defendant does not appear and show sufficient cause to the contrary, he shall be deemed guilty of waste, and shall be personally liable for the amount thereof, when it can be ascertained, otherwise for the amount

due on the original judgment, with interest from the time when it was rendered."

This provision, in substance, has been in force since the St. of 1783, c. 32, § 9, was enacted. The policy has always been to make an executor or administrator liable *de bonis propriis* to a judgment creditor only upon the ground of waste. It may be that the burden is put upon the executor of proving that there has been no waste; but, if he can show this, it is the clear implication of the statute that he shall not be liable on *scire facias*. If, then, he can show that, since the judgment was rendered, there has been an adjudication of insolvency, or the settlement of an account showing that all the assets have been exhausted in paying preferred charges and claims, he shows that there has been no waste, and therefore that he is not liable for the judgment. It was held in the early and well-considered case of *Coleman* v. *Hall*, 12 Mass. 570, that, in *scire facias* on a judgment recovered against an administrator, it was a defence to show that, after the judgment, a representation and adjudication of the insolvency of the estate was made.

This was approved in *Shillaber* v. *Wyman*, 15 Mass. 322, and extended to a case where the estate was represented insolvent after the *scire facias* was brought. It was also approved in *Walker* v. *Hill*, 17 Mass. 380.

The other remedy of a judgment creditor is by a suit upon the bond under the Pub. Sts. c. 143, § 10. This statute merely gives the judgment creditor the right to put the bond in suit for his own benefit, but does not define his rights, or the liability of the executor or his sureties. It cannot reasonably be contended that the liability of the executor or his sureties is greater in a suit upon the bond than it is in *scire facias* upon the judgment, and therefore the cases we have referred to are applicable to the case at bar, and show that the defence is maintained.

The case of *Newcomb* v. *Goss*, 1 Met. 333, is opposed to this view. It was there held, that a representation of insolvency, made after the suit upon the bond was commenced, was not a defence; and that the administrator and his sureties were personally liable for the full amount of the judgment, without regard to the question whether there was in fact any waste. It is noticeable that the cases which we have cited were not referred

to by the court or the counsel in the case of *Newcomo* v. *Goss,* but it is irreconcilable with those earlier decisions, which seem to us to be founded upon better reasons.

We must treat the case at bar as if the administratrix had duly settled an account in the Probate Court since this suit was commenced, showing that she had applied all the assets of the estate to the payment of charges of administration, funeral expenses, and preferred claims; and we are of opinion that, upon principle, and according to the decided weight of the authorities, such a settlement shows that there has been no waste; that the administratrix would not be personally liable on a *scire facias* upon the judgment; and that she and her sureties are not liable on the bond in suit.                    *Judgment for the defendants.*

*H. K. Braley,* for the plaintiff.

*J. M. Morton,* for the defendants.