THADDEUS C. DEFRIEZ *vs.* ALLEN COFFIN & others.

Bristol.    October 28, 1891. — January 6, 1892.

Present: ALLEN, HOLMES, MORTON, & BARKER, JJ.

*Probate Bond — Award of Execution — Jury — Administrator.*

The Pub. Sts. c. 171, § 10, providing that in actions upon bonds the amount of the penal sum for which execution shall be awarded may be assessed by a jury, do not apply to actions upon probate bonds.

After verdict in an action upon a probate bond for the penal sum thereof, it is discretionary with the court, upon a hearing in equity, to fix the amount for which execution shall be awarded, or to submit the question to a jury.

An administrator with the will annexed paid over, without a decree of distribution, the residue of the estate to the testator's sisters, supposing them to be his heirs. About a year later it turned out that such sisters were not the heirs, but that the testator had a daughter who was his sole heir in respect to such residue. After the distribution and before he knew of the daughter, the administrator filed an account in which he credited himself with the amount paid to the sisters, and the Probate Court allowed the same. Afterwards, upon petition of the daughter, it was ordered that the administrator's account be reopened, and that he be charged therein with the amount so paid by him to the sisters. *Held,* in an action on the administrator's bond, for the benefit of the daughter, that the estate had not been fully administered, and that the administrator was liable.

CONTRACT upon a probate bond, brought in the name of the judge of probate of Nantucket, against the defendant Coffin, who was the administrator with the will annexed of Franklin A. Ellis, as principal, and his sureties, for the benefit of Sarah A. Shores, formerly Sarah A. Ellis, the daughter of the testator. Trial in this court, before *Knowlton,* J., who, after a verdict for the plaintiff, ordered execution to issue for a certain sum ; and the defendants alleged exceptions, which, so far as material to the points decided, appear in the opinion.

*J. Brown,* for the defendants.

*C. W. Clifford,* for the plaintiff.

MORTON, J. This is an action upon a probate bond against an administrator and sureties. After a verdict for the penal sum, the defendants moved that the amount for which execution should issue should be assessed by a jury, under the Pub. Sts. c. 171, § 10. The court overruled the motion, holding that it was a matter of discretion, and the amount was fixed by the

court. The defendants excepted to this ruling. We think it was correct. The provisions of the Pub. Sts. c. 171, § 10, do not apply to suits upon probate bonds. Those stand in a class by themselves. It is especially provided that suits on the bonds of executors, administrators, guardians, and trustees shall be brought in the Supreme Judicial Court, which is the Supreme Court of Probate. Pub. Sts. c. 143, § 19; c. 156, § 5. Doubtless one reason for this provision was that they might be governed by the same rules that apply to other probate proceedings. It is further provided that, " when it appears that the condition of the bond of an executor or administrator has been broken, the court upon a hearing in equity shall award execution " for the sums that may be found due, in the various cases named in the statute, of which this is one. Pub. Sts. c. 143, § 20. The case is thus taken plainly out of the provisions of c. 171, § 10. Upon a hearing in equity, the court may submit issues to a jury, or may hear the matter itself, as it deems best.

The other exception is to the refusal of the court to rule that the defendant Coffin had fully administered the estate, and that neither he nor the sureties on his bond were liable to the daughter on the probate bond, and to the ruling that the plea of *plene administravit* could not be maintained, and that the defendants were liable to the daughter in these proceedings. Without a decree of distribution, the administrator paid over to the testator's sisters, whom he supposed to be the heirs of the testator, the residue of the estate in his hands, after payment of debts, and various charges and expenses. It turned out about a year after that they were not the heirs, and that the daughter, for whose benefit this suit is brought, was the sole heir, and was entitled to such residue. Shortly after the distribution, and before he knew of the daughter, the administrator presented to the Probate Court an account, in which he credited himself with the amount paid to the supposed heirs. This was allowed by the Probate Court. But it is clear that the action of the Probate Court in allowing it did not legalize the payments to the supposed heirs. *Granger* v. *Bassett*, 98 Mass. 462, 469. Afterwards, upon petition of the daughter, it was ordered by this court " that the account of said administrator be reopened, and said administrator be charged therein with all sums of money therein

credited to him as paid to the alleged heirs of the testator."
As the matter stands now, therefore, whatever might have been
the result had the distribution been made in good faith under
the decree of the Probate Court, the estate is still in his hands,
and has not been fully administered.

*Exceptions overruled.*