JOHN W. MᴄKIM, Judge of Probate, vs. SAMUEL ROOSA
& others.

Suffolk. March 11, 1903. — June 17, 1903.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Bond. Executor.*

An action on the bond of an executor may be brought under R. L. c. 149, § 20, by
a creditor of the deceased to enforce a judgment against the executor, without
obtaining authority· from the Probate Court.

It is no bar to an action on the bond of an executor under R. L. c. 149, § 20, by a
creditor of the deceased to enforce a judgment against the executor, that after
the bringing of the action a decree of probable insolvency of the estate was
made by the Probate Court appointing commissioners to receive the claims of
creditors. *Newcomb* v. *Goss*, 1 Met. 333, explained.

In an action on the bond of an executor under R. L. c. 149, § 20, by a creditor of
the deceased to enforce a judgment against the executor, *semble*, that on a repre-
sentation of insolvency of the estate the defendant is entitled to have the case
continued until it can be ascertained whether the proceedings under that repre-
sentation will result in an adjudication of insolvency and an order of distribution
or not.

LORING, J. This is an action originally brought against an
executor and his sureties on a probate bond which was put in
suit under Pub. Sts. c. 143, § 10, now R. L. c. 149, § 20, by a
creditor who had recovered judgment against the executor and
had made an ineffectual demand on him to pay the same or
show sufficient goods to be taken on execution. A little more
than three months after this action was brought, the Probate
Court, on representation of the executor, made a decree under
what is now R. L. c. 142, § 2, that the estate would probably be
insufficient for the payment of the debts of the testator, and
appointing three persons named therein commissioners to receive
the claims of creditors. This commission was returned within a
month, the commissioners having declined to serve. No further
action was taken in the insolvency proceedings ; no new com-
missioners were appointed, and no claims were proved before the
commissioners, except that on March 7, 1900, the creditor for
whose benefit the probate bond is here put in suit filed in the
registry of probate a statement of a claim due him on another

note indorsed by the testator, that is to say, not on one of those on which the judgment in question was recovered.

The executor died after the decree of probable insolvency and the return of the commission issued under it.

The judge of the Superior Court found for the plaintiff against one of the sureties and the administrator of the deceased executor, assessed damages in the penal sum of the bond, and directed execution to issue against the surety with costs, and also against the goods and estate of the executor in the hands of the administrator, without costs.

The case is here on exceptions by the surety and by the administrator.

The surety requested the judge to rule that on the evidence the plaintiff was not entitled to recover, that representation of insolvency and the decree, or both, "are a bar to the plaintiff's right to recover," and the fact that this action was not authorized by the Probate Court is a bar. These rulings were refused and exceptions taken.

The only exception taken by the administrator was to the finding against him. But this exception has not been argued, and we treat it as waived.

There is nothing in the surety's contention that the action is not well brought because no authority to bring it was given by the Probate Court. It was brought under Pub. Sts. c. 143, § 10, now R. L. c. 149, § 20. Authority to bring suit is necessary only in cases not specified in this and the two succeeding sections of R. L. c. 149. See R. L. c. 149, § 23.

The surety's contention is that the decree of probable insolvency was a bar, and that after it was made the sole remedy of the plaintiff was to prove his debt in the insolvency proceedings. He relies on *Coleman* v. *Hall,* 12 Mass. 570, *Shillaber* v. *Wyman,* 15 Mass. 322, and *Fuller* v. *Connelly,* 142 Mass. 227.

But we are of the opinion that the decree of probable insolvency is not a bar. In *Coleman* v. *Hall,* 12 Mass. 570, scire facias was brought to charge an administrator personally with the amount of a judgment recovered against him as administrator. He pleaded in bar that on a representation made by him after the judgment was recovered and before the writ of scire facias was sued out, a decree had been made, commissioners

appointed, the estate had been decreed to be insolvent on their report, and a distribution of the whole estate ordered to be made. On demurrer the plea was held good as a plea of *plene administravit*. This case was followed in *Shillaber* v. *Wyman*, 15 Mass. 322, and *Walker* v. *Hill*, 17 Mass. 380. The case of *Newcomb* v. *Goss*, 1 Met. 333, was a case of debt on a probate bond against an administrator and his sureties for the benefit of a creditor who had reduced his claim to judgment, taken out execution, and made an ineffectual demand on it, as in the case at bar. In that case, after the writ in the action on the bond was served, the administrator represented the estate insolvent and caused commissioners to be appointed; and it was held that this was not a bar. The subsequent case of *Fuller* v. *Connelly*, 142 Mass. 227, was also a case on a probate bond, for the benefit of a creditor who had reduced his claim to judgment and made an ineffectual demand on execution. In defence it was set up that the estate had been exhausted in paying preferred debts, and it was agreed that the administratrix was to have the same benefit of those payments as if allowed by the Probate Court on an account duly filed by her since the date of the plaintiff's action. It was held that this was a good defence on the authority of *Coleman* v. *Hall*, *Shillaber* v. *Wyman*, and *Walker* v. *Hill*, *ubi supra;* and it was said that *Newcomb* v. *Goss*, 1 Met. 333, was "opposed to this view." But we do not think that *Newcomb* v. *Goss* is opposed to the other cases, and for the reason that in *Newcomb* v. *Goss* the administrator had not made out a case of *plene administravit*. He had done no more than show that commissioners had been appointed. But until commissioners have made a report, and a decree has been made on their report that the estate is insolvent and a distribution is ordered, the defence of *plene administravit* is not made out. Some of the expressions in the opinion in *Newcomb* v. *Goss* went beyond this; so far as they did go beyond this, we think that they cannot be supported.

The remedy of the defendants in *Newcomb* v. *Goss* and of the sureties in the case at bar was to have the case continued upon a representation of insolvency being made, until it is ascertained whether the proceedings under that representation will result in an adjudication of insolvency and an order of distribution or not.

In our opinion a defendant under such circumstances is entitled to have an action on the probate bond continued until that is ascertained, at least where the proceedings in insolvency are prosecuted with diligence.

In the case at bar the only questions raised as to the insolvency proceedings are whether the representation or the decree of probable insolvency or both are by themselves and without more a bar. We are of opinion that they are not.

The only other question raised by the rulings requested by the surety was whether on the evidence a finding for the plaintiff was warranted. We are of opinion that it was.

*Exceptions overruled.*

*N. M. Nye*, for the administrator of the estate of Samuel Roosa, and the American Bonding and Trust Company.

*W. Bolster*, for the plaintiff, submitted a brief.