FRANK W. DONAHUE *vs.* ARTHUR L. WITHERELL.

Franklin.    September 21, 1909.— November 9, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & SHELDON, JJ.

*Evidence,* Presumption and burden of proof. *Practice, Civil,* Ordering verdict.

In an action for money had and received, the plaintiff testified to the effect that the defendant had made a contract in writing to sell the plaintiff an automobile on certain terms and that the plaintiff had made certain payments under the contract which were to be made before delivery, that, after differences and disputes as to the manner in which the contract should be performed, the plaintiff finally tendered to the defendant the full amount claimed by him, which the defendant refused to receive, stating that he had sold the automobile to another person, whereupon the plaintiff demanded a return of the money he had paid, and, upon the defendant's refusal to pay it, brought the action. At the close of

the plaintiff's evidence, the defendant stated that he did not care to offer any evidence, and asked the presiding judge to order a verdict for him. This the judge refused to do, and ordered a verdict for the plaintiff. *Held,* that, although the refusal of the judge to order a verdict for the defendant was right, his action in ordering a verdict for the plaintiff was wrong ; that the defendant by resting his case and asking the judge to order a verdict for him did not waive his right to go to the jury on the question of the credibility of the plaintiff's testimony, and that, in the absence of an agreement that the testimony was to be regarded as true, the judge could not properly order a verdict for the plaintiff.

MORTON, J.   The plaintiff entered into a written contract with the defendant for the purchase from and sale by the defendant to him of an automobile for $1,040.   The contract was dated " Springfield, Dec. 16, 1907."

Twenty-five dollars was paid down.   Additional payments of $25 each were to be made "about 15th of months of January, February, March and April.   Balance payable on delivery of car at freight depot here."   The time named for delivery was " about May 1st in car load."   This was afterwards changed to July 1. The contract concluded as follows : " It is further agreed that an allowance of $125.00 One Hundred Twenty-five and no 100 Dollars shall be made at time of delivery of car to insure receipt of $375.00 for 3 cyl. Touring car now owned by said Dr. Donahue.   Excess over $250.00 to the amount of $50.00 received for said car to be paid to said A. L. Witherell."   The plaintiff made payments from time to time, seven in all, of $25 each.   Although the contract was dated at Springfield and provided for the delivery of the car there, the exceptions recite that it was executed at Greenfield and that the car was to be delivered there. The car was not delivered at the time named, but the plaintiff does not appear to have made any complaint.   On August 11, 1909, the defendant telephoned the plaintiff that he was at Greenfield and made an appointment to meet him at his office. Subsequently on the same day they met on the street and the defendant told the plaintiff that the car was there, and asked him if he had a certified check, and the plaintiff replied that he had not but could quickly get one.   The amount due was then discussed.   The defendant contended that there was due $766, made up of the price of the car $1,040, and freight from Lansing to Greenfield $26, amounting to $1,066, with a credit of $300, consisting of $175 paid by the plaintiff and a cash allowance of

$125 according to the contract. The plaintiff contended that the balance due was $516, asserting that in addition to the $125 allowed by the defendant on account of the old car there should be a still further allowance of $250, according to the contract, for the old car which, there was testimony tending to show, he told the defendant was ready for delivery, but which the defendant said he was not ready to receive. There was also evidence tending to show that the plaintiff declined to pay the $766 demanded by the defendant, but was ready and willing to pay the $516 which he alleged was all that was due according to the contract, and that that was the way the matter was left at the close of the interview, each insisting that he was right. There was further evidence tending to show that the car came with two other cars in the same freight car and that the bills of lading of the cars were accompanied by sight drafts on the defendant, and that he could not get possession of and deliver the cars unless he paid the drafts which he could not do unless the plaintiff paid the full amount which the defendant contended was due. It appeared, or rather there was evidence tending to show, that on the day following the above interview the plaintiff went to the defendant and tendered the full amount claimed by the defendant to be due, but the defendant stated that he had disposed of the car in order to get money to unload the freight car. It did not appear and there was nothing to show on what terms and conditions he disposed of the car, or how much he received for it. The plaintiff demanded a return of the money which he had paid and upon the defendant's failure to pay it brought this action.

There was no evidence except that introduced by the plaintiff, the defendant stating that he did not care to offer any evidence and asking the presiding judge,* at the close of the plaintiff's evidence, to direct a verdict for the defendant. The judge refused to do so and directed a verdict for the plaintiff on the first count in the declaration, which was for money had and received, the plaintiff having abandoned the second count which was upon the contract. The defendant excepted to both rulings.

* The case was tried before *King,* J. By the bill of exceptions the plaintiff appears to have been the only witness.

We think that the defendant's request that a verdict be directed for the defendant was rightly refused; but we are constrained to say that we think that, as the case was left, the ruling directing a verdict for the plaintiff was wrong and that the exceptions must be sustained. The ruling was made no doubt on the assumption that there was no serious dispute as to the truth of the evidence introduced by the plaintiff, and, if it had appeared by inquiry from the presiding judge or otherwise that the evidence introduced by the plaintiff was regarded by the parties as a substantially correct statement of what had occurred, then the ruling directing a verdict for the plaintiff would have been right. *Campbell* v. *Whoriskey*, 170 Mass. 63. But, by resting at the close of the plaintiff's evidence and asking the judge to direct a verdict for him, the defendant did not thereby waive the right to go to the jury on the credibility in whole or in part of the plaintiff's testimony, and, in the absence of any agreement or understanding that the testimony was to be regarded as true in respect to all material matters, the judge could not properly direct a verdict for the plaintiff. There was nothing to show a mutual rescission or abandonment of the contract as contended by the plaintiff. On the contrary both parties stood upon their rights under the contract. The plaintiff's right to recover rests on other grounds.

*Exceptions sustained.*

*W. A. Davenport*, for the defendant.
*L. W. Griswold*, for the plaintiff.