CHARLES J. McINTIRE, Judge of Probate, *vs.* PATRICK H. CONLAN & others.

Middlesex.    January 25, 1916. — March 7, 1916.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Executor and Administrator,* Liability on bond. *Bond,* Of executor or administrator. *Fraud,* As against creditors.

In an action on the bond of an administrator, where the declaration alleges that the plaintiff as a creditor of the intestate has recovered judgment for his debt against the administrator, that the administrator has neglected upon demand made by the plaintiff to pay the debt to the plaintiff or to show sufficient goods or estate of the intestate to be taken on execution for that purpose, it is right for the trial judge to refuse a request of the defendant, opposed by the plaintiff, to order the removal of the case to the jury waived list, the issues being questions of fact for a jury.

Where at such a trial the principal defendant admits that the plaintiff brought an action against him as administrator and recovered judgment for the debt and that the defendant failed to expose goods or estate to be taken in satisfaction thereof, and where it is not disputed that the amount of the judgment debt is larger than the penal sum of the bond with interest from the date of the writ, the trial judge in his discretion properly may order a verdict for the plaintiff in the penal sum of the bond with interest thereon from the date of the writ.

It is no defence to such an action on an administrator's bond for the administrator to prove that he filed in the Probate Court an account purporting to show that the assets which had come to his hands had been exhausted in the payment of charges and preferred claims, if it does not appear that such account ever was allowed by the Probate Court.

Nor is it a defence to such an action on an administrator's bond for the administrator to show that, about a month after the entry of the plaintiff's judgment and the issuing of execution thereon, the administrator filed a petition in the Probate Court representing the estate to be probably insolvent, if no further proceedings upon such petition are shown.

Where, in an action on an administrator's bond, the plaintiff in interest contends that the former administrator whose bond is in suit committed a breach of the bond in failing to institute proceedings to recover certain property conveyed by the intestate in fraud of his creditors, and it appears not only that the former administrator had knowledge of the intestate's fraudulent conveyance but also that he and one of the sureties on the bond were the fraudulent grantees, no contention of the defendants can prevail which is founded on the assumption that the former administrator was ignorant of the intestate's conveyance in fraud of creditors.

PIERCE, J. This is an action on an administrator's probate bond under R. L. c. 149, § 20, against the principal defendant and his sureties, by a creditor who recovered judgment against the administrator on January 2, 1905, in the sum of $1,093.65. Execution was issued on January 6, 1905.

The administrator neglected upon demand to pay the judgment or to show sufficient goods or estate of the deceased to be taken on the execution.

The defendant claimed a trial by jury, and the case accordingly was tried before a jury on an assigned date, October 14, 1914, agreed to by the defendant. "When the case was reached for trial, the defendant moved that the case be removed to the jury waived list on the ground that under the statute of this Commonwealth the question whether or not there had been a breach of the bond was a question of law, and that the statute does not contemplate the trial of such an action before a jury, but before the court only." This motion was denied * and the defendant excepted.

. The issue was properly one of fact for a jury, and there was no error in the refusal to transfer the case to the jury waived list.

As the principal defendant apparently admitted at the trial, as he actually does upon his brief, the facts that the creditor brought an action against him in his administrative capacity, that the creditor recovered judgment, and that the defendant failed to expose goods or estate to be taken in satisfaction thereof, it followed that there was no disputed material issue of fact, and that the judge properly could direct a verdict to be found in the penal sum of the bond. *Campbell* v. *Whoriskey,* 170 Mass. 63. *Donahue* v. *Witherell,* 203 Mass. 489, 492. The judge, however, did not pursue this course but proceeded, at the same time, to submit to the jury as an issue the question of the amount due the creditor upon the judgment which he had recovered. This he properly could do under R. L. c. 149, § 31. *Defriez* v. *Coffin,* 155 Mass. 203. *Hudson* v. *Miles,* 185 Mass. 582, 588. *Newburyport* v. *Davis,* 209 Mass. 126, 132.

It is not contended that the amount due the creditor upon his judgment was in dispute or that it was not larger than the penal sum of the bond and interest thereon from the date of the writ.

---

* By *Hardy,* J.

The direction of the verdict for the penal sum and interest from the date of the writ, as appears by the record, was within the proper exercise of the power of the court. *Bassett* v. *Fidelity & Deposit Co. of Maryland,* 184 Mass. 210, 216.

At the trial on the bond, the defendant offered evidence that he had filed in the Probate Court an account purporting to show that the assets, which had come to his hands, had been exhausted in the payment of charges and preferred claims. It was held in *Fuller* v. *Connelly,* 142 Mass. 227, that an account filed and allowed in the Probate Court was admissible in an action to establish a breach of the bond to show that all the assets of the estate had been used and applied with the approval of the court. It is clear that there can be no breach of a probate bond arising from expenditures made with the sanction and under the implied, if not express, direction of the Probate Court. In the case at bar no claim is made that the account offered in evidence ever was allowed by the Probate Court. *McKim* v. *Haley,* 173 Mass. 112, 115.

The defendant also offered in evidence the fact that about a month after the entry of the judgment and issue of execution to the above named creditor, he filed a petition in the Probate Court representing the estate to be probably insolvent. It was held in *McKim* v. *Roosa,* 183 Mass. 510, that a "decree of probable insolvency is not a bar," and that, to effect such result, there must be a commissioner's report and a decree on that report. In this case there is no decree of probable insolvency, no appointment of a commissioner, and consequently no report or decree thereon. All that was offered was a representation of insolvency without evidence of further action.

It appears by the bill of exceptions,* not only that the administrator had knowledge of his intestate's fraudulent conveyance,

---

* The facts stated in the bill of exceptions which here are referred to were as follows: The defendant Patrick H. Conlan was removed as administrator of the estate of Patrick Conlan and Thomas J. Boynton, Esquire, was appointed administrator *de bonis non* of the estate. He obtained a license from the Probate Court to sell certain real estate alleged to have been fraudulently conveyed by the intestate to his son and daughter Patrick H. and Sarah A. Conlan, and, after establishing by proceedings in the Land Court and the Superior Court that this conveyance was made in fraud of creditors, he sold the real estate and received about $1,100 as the gross proceeds of the sale.

but that he, with one of the sureties, was the fraudulent grantee. This fact completely destroys the defendant's argument founded upon the assumption that the administrator was ignorant of the intestate's conveyance in fraud of his creditors, and that he had not committed a breach of the bond by failing to institute proceedings for the recovery of such property.

We find no reversible error in any of the proceedings.

*Exceptions overruled.*

The case was submitted on briefs.

*J. E. Galvin & H. S. Warren,* for the defendants.

*C. A. Whittemore,* for the plaintiff.