LOYED E. CHAMBERLAIN, Judge of Probate, *vs.* MARY A. BARROWS.

Plymouth.    December 8, 1932. — March 10, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Contract*, Consideration. *Payment. Accord and Satisfaction. Executor and Administrator.*

After a creditor of the estate of a deceased person had recovered judgment and execution against the estate and judgment and execution against the personal representative for costs, the estate was represented insolvent and commissioners were appointed, who allowed the creditor's claim in a sum less than the amount of his judgments. He appealed from such allowance. Thereafter, without there having been any decree for distribution, the personal representative, from his own funds, paid to the creditor a sum substantially less than the amount of his judgments, in reliance upon and in consideration of the creditor's promise to accept that sum in full satisfaction of his claim against the estate. The creditor did not execute a release thereof. *Held*, that

(1) At the time of the payment to the creditor, his claim against the estate was unliquidated and disputed; and the personal representative as such was not bound to pay it, since no decree for distribution had been entered;

(2) For that reason, the payment made was sufficient consideration for the creditor's promise to accept it in full satisfaction of his claim;

(3) Although the failure of the personal representative to pay the execution issued on the judgment against the estate was *prima facie* a breach of his official bond, in the circumstances at the time of the payment he had not incurred an absolute personal liability on the bond in view of the pending proceedings in insolvency;

(4) The payment to the creditor by the personal representative from his own funds therefore was a payment by a third person not obligated to pay the creditor's claim, and this also constituted sufficient consideration for the creditor's promise to accept the payment in full satisfaction of his claim;

, (5) By making such payment, the personal representative abandoned his right to contest the amount of the creditor's claim, which also was consideration for the creditor's said promise;

(6) The creditor's claim was barred by an accord and satisfaction even though he had not executed a release thereof under seal.

CONTRACT. Writ dated September 12, 1929.

The action was heard in the Superior Court by *Macleod*, J., without a jury. It appeared that the judgments in favor of Stonebury mentioned in the opinion were entered on January 10, 1927. Other material facts are stated in the opinion. The judge found for the defendant on the sole ground that the claim for which the action was brought was barred by an accord and satisfaction. The plaintiff alleged exceptions.

*P. Glunts*, (*G. A. Stonebury* with him,) for the plaintiff.

*E. J. Campbell*, for the defendant, submitted a brief.

CROSBY, J. This is an action of contract brought in the name of the judge of probate by Grant A. Stonebury, assignee. The declaration contains two counts. The first alleges that there is a balance due Stonebury, as assignee, on two judgments entered in the Superior Court against the defendant in her capacity as executrix of the estate of Henry H. Barrows. The second count seeks to recover judgment in the penal sum of the bond filed by the defendant as executrix of that estate. At the trial before a judge of the Superior Court the defendant admitted the

execution and filing of the bond, that the judgment had been rendered against her as executrix in the sum of $1,553.24 for damages, and $14.55 costs, and that separate executions had been issued. It was agreed that on March 28, 1927, a representation of insolvency of the estate was filed; that commissioners were appointed and claims filed, including the claim of Stonebury (who will hereafter be referred to as the plaintiff), but that no decree of distribution was ever entered. The commissioners allowed the sum of $1,228.21, which was an amount substantially less than the plaintiff claimed; from this allowance he appealed. Thereafter several interviews were had between the plaintiff and an attorney representing the estate respecting a compromise and settlement of the claim. All the material evidence at the hearing in the Superior Court is set forth in the record. The judge found that, "In reliance upon, and in consideration of, the plaintiff's promise to discharge his entire claim against the estate the defendant refrained from pressing to a conclusion the insolvency proceedings in the Probate Court, with the reasonable expectation that an adjudication of insolvency and an order of distribution would be made in due course, which would bar the collection of the full amount of the plaintiff's claim. Moreover, if that course had been pursued and if the plaintiff had pressed for the immediate payment of his entire claim, the defendant would have been entitled to have the case continued until an adjudication had been rendered on the insolvency proceedings then pending."

As a result of previous negotiations between the parties the judge found that on August 8, 1929, the defendant paid and the plaintiff accepted the sum of $1,000 in full satisfaction of all claims and demands of the plaintiff against the estate of the testator; that at that time it was apparent, and the plaintiff believed, the estate was hopelessly insolvent, and that it was in fact insolvent. The judge further found that at the time of the payment the amount which the plaintiff would be entitled to collect on his judgment had not been determined, and the defendant was under no present obligation to pay the judgment in full either as

executrix, or by reason of any personal obligation on the bond given by her as such executrix. The judge also made the following findings: "Much the larger part of said payment, as the plaintiff well knew, represented personal funds of said Mary A. Barrows, advanced by her pursuant to a collateral agreement with her in her personal capacity and not as the agent of, or in the form of a loan to, herself as executrix. . . . The agreement of the plaintiff to remit the amount of his claim in excess of $1,000 was not a mere gratuitous act but was supported by a good and ,valid consideration." We are of opinion that these findings were warranted upon the reported evidence. The ultimate finding in favor of the defendant was upon the ground that the defendant had shown that the payment of $1,000 to the plaintiff was an accord and satisfaction of his claim. The evidence warranted a finding that the plaintiff had agreed that upon such payment he would sign a release of all demands, and that a letter was sent by the defendant's attorney to the plaintiff enclosing a check for $1,000 and a release of all demands, with a request that the release be signed and returned. The plaintiff kept the check but failed to sign and return the release.

It is the contention of the plaintiff that his agreement to accept $1,000 in full payment of his claim is not binding upon him as it was not evidenced by an instrument under seal. This contention is without merit. At the time of the alleged accord and satisfaction, the precise amount of the indebtedness of the testator's estate had not been finally determined by the commissioners appointed in the insolvency proceedings, and the defendant, as executrix, was then under no obligation to make any payment upon it since no decree or order of distribution had been made by the Probate Court. Furthermore, the defendant personally was under no obligation to pay the claim, although most of the $1,000 paid was raised by a mortgage given upon real estate owned by her in her individual capacity. The part payment of a liquidated indebtedness by a third person under no obligation to pay it is a sufficient consideration for its acceptance by the creditor in discharge of the

entire debt. *Brooks* v. *White*, 2 Met. 283. *Guild* v. *Butler*, 127 Mass. 386. There are other ways by which an agreement to accept a smaller sum than the amount due can be shown to be based upon a consideration valid in law. "It is . . . now well settled, that ordinarily a written contract, before breach, may be varied by a subsequent oral agreement, made on a sufficient consideration, as to the terms of it which are to be observed in the future. Such a subsequent oral agreement may enlarge the time of performance, or may vary any other terms of the contract, or may waive and discharge it altogether." *Hastings* v. *Lovejoy*, 140 Mass. 261, 264. *Conroy* v. *Toomay*, 234 Mass. 384, 386. *Moskow* v. *Burke*, 255 Mass. 563, 566, 567. It appears that the amount of the debt due the plaintiff had not been finally adjudicated. It had been found by the commissioners of insolvency to amount to the sum of $1,228.21; the plaintiff's appeal was pending when this action was heard in the Superior Court. It thus appears that the claim was unliquidated and disputed. "If a creditor, having an unliquidated or disputed claim against his debtor, accepts a sum smaller than the amount claimed in satisfaction of the claim, he cannot afterwards maintain an action for the unpaid balance of his original claim." *Tompkins* v. *Hill*, 145 Mass. 379, 380. *Alvord* v. *Marsh*, 12 Allen, 603, 606.

The payment by the defendant out of her personal funds of a sum less than the original obligation owed by the estate of the testator which was received by the plaintiff in discharge of the whole amount was a new and valuable consideration and constituted a valid discharge of the whole. *Harriman* v. *Harriman*, 12 Gray, 341, 344. *Barnett* v. *Rosen*, 235 Mass. 244, 247, 248. *Vaughn* v. *Robbins*, 254 Mass. 35, 36. It is apparently the contention of the plaintiff that the cases above cited are not controlling and that at the time of the payment of the $1,000 in full settlement of his claim the defendant was personally liable on her bond and hence the part payment afforded no consideration for a full settlement of the liquidated claim against the estate. It is held that a failure to pay an execution issued on a

judgment obtained against an executor or administrator in his official capacity, or to show sufficient goods or estate of the deceased to satisfy it, is *prima facie* a breach of the executor's or administrator's bond, and unless the affirmative defence which is initiated by a representation of insolvency is made out, executors and administrators and their sureties are liable. *Harmon* v. *Sweet,* 221 Mass. 587. The liability on the bond, therefore, is not absolute upon the *prima facie* breach, but is subject to the entry of a final decree in insolvency, although no recovery could be had on the bond before such a decree was entered, for the defendant would be entitled to have an action on the bond continued until the question of the insolvency of the estate is ascertained, at least when the proceedings in insolvency are prosecuted with diligence. *McKim* v. *Roosa,* 183 Mass. 510, 513. It follows that at the time the defendant paid and the plaintiff accepted the $1,000 an action on the bond could not have been maintained by the plaintiff. The defendant, as executrix, in paying the plaintiff $1,000 in settlement of his claim abandoned her right to contest the amount claimed by him; this was also a valid consideration for the agreement of the plaintiff to accept in full settlement the amount which he received. It is manifest from the facts found that the contention of the plaintiff that his agreement to compromise and settle his claim was without consideration cannot be sustained. The cases cited by the plaintiff, which hold that an agreement to accept a part of the debt in payment of the whole is not binding unless evidenced by an instrument under seal, are not applicable to the facts found in the present case. It follows that the plaintiff's seventeenth and eighteenth requests were rightly denied. The others need not be considered in detail; no error of law appears in the refusal to grant them.

*Exceptions overruled.*