COLLEN C. CAMPBELL, Judge of Probate *vs.* THE EM-
PLOYERS' LIABILITY ASSURANCE CORPORATION, LIM-
ITED, & another

(and two companion cases [1]).

Barnstable. April 2, 1946. — May 29, 1946.

Present: FIELD, C.J., LUMMUS, QUA, RONAN, & SPALDING, JJ.

*Executor and Administrator*, Insolvent estate, Bond, Account. *Practice,
    Civil*, Execution, Action on bond.

Final adjudication of the insolvency of an estate was a complete defence
    to the administrator and the surety on his bond against any claim of
    breach of the bond in failing to satisfy a judgment of a general creditor
    even though there was no representation of insolvency until after the
    judgment was rendered.
There should have been no order for an execution, even for costs under
    G. L. (Ter. Ed.) c. 205, § 31, sixth, following a verdict for the plaintiff
    in an action for breach of an administrator's bond in failing to file
    accounts as required by law, where it appeared that in accounts filed
    by him after the commencement of the action he had satisfactorily
    accounted for all of the estate which came to his hands and had caused
    no damage by neglect or maladministration.
Judgment was ordered for the plaintiff in only one of several actions for
    breach of an administrator's bond, tried together, and the other
    actions were dismissed.

THREE ACTIONS OF CONTRACT. Writs in the Superior
Court dated May 13, 1941.

The cases were tried together before *Hammond*, J.

*K. C. Parker*, (*G. D. Hall* with him,) for the defendants.

*J. A. Vitelli*, for the plaintiffs.

QUA, J. These are three actions against the principal
and surety on the bond of the defendant Sauer as adminis-
trator of the estate of Philip Wuest, late of Wellfleet.

The decisive facts relative to the principal controversy
may be shortly stated. Each of these actions is brought for
the benefit of a general creditor of the deceased who recovered
judgment against the defendant administrator on Novem-

---

[1] The companion cases are by the same plaintiff against the same defendants.

ber 25, 1940. On December 5, 1940, a representation of insolvency of the estate was filed, which was "allowed" on April 15, 1941, when commissioners were appointed. The writs in these actions are dated May 13, 1941. While these actions were pending, the administrator's first, second, third, and fourth accounts were allowed, after notice. On August 8, 1944, report of the commissioners having been filed, a decree was entered for distribution of the balance in the administrator's hands in the proportions provided by law to the creditors whose claims were allowed. On the same day an order for distribution issued accordingly. Distribution has been made as ordered to creditors who proved their claims, including the creditors for whose benefit these actions are brought, whose claims were allowed in the amounts of their judgments, but who refused to accept their distributive shares, which were then deposited in a savings bank for their benefit as ordered by the court. It thus appears that after the persons for whose benefit these actions were brought recovered their original judgments the estate has been fully settled and distributed as an insolvent estate. By amendment to their answers the defendants set up the settlement of the estate as a defence.

The judge "directed a verdict for the plaintiffs in the penal sum of the bond, but with actual damages for the amount of the judgments and costs." We construe this to mean that after directing a verdict for the plaintiff in each action for the penal sum of the bond the judge either directed the jury as to the amounts for which executions should issue or himself determined those amounts. In a proper case in an action upon an administrator's bond the judge may either himself determine the amount for which execution should issue or he may submit that question to a jury. G. L. (Ter. Ed.). c. 205, § 31. *Defriez* v. *Coffin*, 155 Mass. 203. *McIntire* v. *Conlan*, 223 Mass. 389, 390.

But in this case the judge was in error in fixing the amounts for which executions should issue at the amounts of the judgments. Final adjudication of the insolvency of an estate is a complete defence to the administrator and his surety to any claim of breach of his bond in failing to satisfy

40

a judgment of a general creditor, even though insolvency is not represented or established until after the judgment is rendered. *Coleman* v. *Hall*, 12 Mass. 570. *Fuller* v. *Connelly*, 142 Mass. 227. *McKim* v. *Roosa*, 183 Mass. 510. *Grant* v. *Crowley*, 217 Mass. 552, 554. *Harmon* v. *Sweet*, 221 Mass. 587, 595–598. *McIntire* v. *Conlan*, 223 Mass. 389, 391. *Chamberlain* v. *Barrows*, 282 Mass. 295, 297–300. *Standard Rubber Co.* v. *Carberry*, 296 Mass. 503, 505. *Counelis* v. *Counelis*, 315 Mass. 694, 699–700. The proper remedy of the judgment creditors was to prove their judgments in the insolvency proceedings. G. L. (Ter. Ed.) c. 198, § 33. This they did, and their proper course now is to look to the sums deposited for their benefit in the savings bank. There is no reason why they should charge the administrator personally in these actions for the amounts of their judgments or why they should in that manner receive preferences over other creditors. For the reasons stated executions should not have been ordered in any sum upon the theory of breach of the bond by failing to pay the judgments.

There was, however, a breach of the third condition of the bond which required the administrator to "render upon oath a true account of his administration at least once a year," unless excused by the court. G. L. (Ter. Ed.) c. 205, § 1 (2), Third. The administrator rendered no account for five years — not, in fact, until after these actions were brought. See *Loring* v. *Kendall*, 1 Gray, 305, 313–314; *Forbes* v. *Keyes*, 193 Mass. 38, 42; *Chase* v. *Faulkner*, 307 Mass. 404, 406. The docket entries do not show that he was excused. This breach is alleged in the declarations. Because of it there was no error in directing verdicts for the penal sum of the bond. But the measure of damages for breach of the bond in failing to account is "the full value of all the estate of the deceased which has come to the hands of the executor or administrator and for which he does not satisfactorily account," and "all damages caused by his neglect or maladministration." G. L. (Ter. Ed.) c. 205, § 31, Third. So far as appears the administrator has satisfactorily accounted for all of the

estate which came to his hands, and has caused no damages by neglect or maladministration. Therefore no execution should issue for any amount, not even for costs under G. L. (Ter. Ed.) c. 205, § 31, Sixth, since there is no person other than the defendant administrator himself to whom an execution for costs resulting from failure to account could be made payable in accordance with c. 205, §§ 31, Third, and 33.

The exceptions are sustained. Although several different actions may be brought upon the same administrator's bond, G. L. (Ter. Ed.) c. 205, §§ 20, 21, 22, 23, judgments should not be entered against the principal and surety aggregating any larger amount than the penal sum of the bond. In accordance with the suggestion in *Harmon* v. *Sweet*, 221 Mass. 587, 599, judgment is to be entered for the plaintiff in any one of the actions with an order that no execution issue for any breach declared upon in any of the actions; and the other actions are to be dismissed.

*So ordered.*