FREDERICK B. CHADWICK *vs.* WILLIAM N. TAYLOR, administrator, & others.

Barnstable. April 3, 1958. — May 1, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, COUNIHAN, & CUTTER, JJ.

*Executor and Administrator,* Insolvent estate. *Levy. Execution. Equity Jurisdiction,* To reach and apply.

The filing of a bill in equity by a judgment creditor of a decedent's estate, whose execution was unsatisfied, seeking to reach and apply to the satisfaction of the judgment surplus funds in the possession of a mortgagee of the decedent's real estate following a foreclosure sale, began a levy on the execution and gave the judgment creditor a lien upon the surplus funds which was unaffected by a subsequent representation of insolvency filed in the Probate Court by the decedent's personal representative or by a decree of probable insolvency entered thereafter; and the Probate Court, upon petition by the judgment creditor, rightly decreed that the mortgagee pay him the amount of his judgment out of the surplus funds.

PETITION, filed in the Probate Court for the county of Barnstable on February 7, 1957.

The case was heard by *Sparrow,* J.

In this court the case was submitted on briefs.

*Kenneth E. Wilson,* for the respondent Taylor, administrator.

*Daniel J. Fern,* for the petitioner.

WILKINS, C.J. This petition in the Probate Court is by a judgment creditor to establish priority in a fund which belongs to an estate which has been represented insolvent. On August 6, 1956, the petitioner recovered judgment in the sum of $1,271.31 in the Superior Court, Barnstable County, against the goods and estate of Nina B. Taylor, late of Barnstable. The respondents are her administrator, the two commissioners of insolvency in her estate, and the Hyannis Co-Operative Bank. A decree was entered ordering the bank to pay the petitioner $1,271.31 out of surplus funds

in its possession following a foreclosure sale of real estate formerly owned by the intestate. The administrator appealed. The judge made a report of the material facts found by him.

Execution, dated August 8, 1956, issued on the judgment, and is unsatisfied. On September 4, 1956, the petitioner filed a bill in equity in the Superior Court to reach and apply the surplus funds in satisfaction of the judgment. On September 14, 1956, one year after the approval of the bond of the administrator on September 14, 1955, the administrator filed a representation of insolvency in the Probate Court. On November 19, 1956, a decree of probable insolvency was entered, and the respondent commissioners were appointed. On February 7, 1957, the present petition was filed, praying that the petitioner's claim be established; that a decree be entered declaring that he is entitled to priority by reason of his levy; and that the bank be ordered to pay him the amount necessary to satisfy his judgment. The judge ruled that the filing of the bill to reach and apply the funds in the respondent bank to the satisfaction of the judgment began a levy which gave the petitioning creditor a lien upon the funds which was unaffected by the subsequent representation of insolvency or the decree of probable insolvency.

The decree was right. The filing of the bill was "the commencement of a levy on the execution," *Rioux* v. *Cronin,* 222 Mass. 131, 137, and the first step in "equitable execution." *McCarthy* v. *Rogers,* 295 Mass. 245, 248. The case is governed by *Rioux* v. *Cronin, supra,* where it was said, at pages 137–138, in an opinion by Chief Justice Rugg: "The bringing of a suit by a judgment creditor, whose execution is unsatisfied, to reach and apply property of the debtor not susceptible of seizure at common law on the execution, is the commencement of a levy on the execution. . . . It has been decided in numerous cases that an execution creditor who had acquired no lien by his judgment or execution, nevertheless does create a lien in his favor so as to give him a legal preference, by filing a bill in equity for the collection of his

judgment and execution." Among the cases cited were *Metcalf* v. *Barker*, 187 U. S. 165, 172, and *Snyder* v. *Smith*, 185 Mass. 58, 63.

Here the surplus funds in the hands of the respondent bank as mortgagee after foreclosure could be reached by a bill in equity to enforce the lien of the petitioner judgment creditor. *Wiggin* v. *Heywood*, 118 Mass. 514, 516–517.

The respondent administrator argues that the decree annuls the provisions of G. L. c. 198, relating to insolvent estates of deceased persons. This argument cannot prevail. It fails to give proper weight to the fact that the representation of insolvency was not filed in the Probate Court until ten days after the filing of the bill to enforce the execution. Section 31 of c. 198 provides procedure for maintaining an action against an executor or administrator after an estate has been represented insolvent. See *Fourth National Bank* v. *Mead*, 214 Mass. 549. Section 33 provides procedure where there has been a judgment but no execution has issued: "If judgment has been rendered against an estate which has been represented insolvent, and a certified copy from the probate court, showing such representation, has been filed in the clerk's office of the court in which the judgment was rendered, no execution shall be issued on such judgment . . .." See *McKim* v. *Roosa*, 183 Mass. 510; *Harmon* v. *Sweet*, 221 Mass. 587, 595. The respondent administrator failed to avail himself of either procedure.

There is nothing to the contrary in *Harmon* v. *Sweet*, 221 Mass. 587, which concerns actions on the bond of the administrator of an estate which had been represented insolvent during the period for turning the assets into cash.[1] In fact, it contains language in support of what we here decide. The court stated (page 593) that should that period expire without a representation of insolvency, "all creditors are under the circumstances entitled to be paid and to have the cash forthcoming with which the payment is to be made"; and (pages 598–599) that unless the certificate required by

---

[1] The period was then one year. R. L. c. 141, § 1. It is now six months. G. L. (Ter. Ed.) c. 197, § 1. The change was made by St. 1914, c. 699, § 1.

what is now c. 198, § 33, is filed, "the judgment creditor can levy under his execution upon any goods or estate belonging to the executor or the intestate . . .."

The case of *Campbell* v. *Employers' Liability Assurance Corp. Ltd.* 319 Mass. 624, has no pertinency. The judgment creditors there did not obtain their executions until after the estate was represented insolvent, and they proved their claims in the insolvency proceedings. There had been a full administration of the estate. See *McKim* v. *Roosa*, 183 Mass. 510, 511–512; *Grant* v. *Crowley*, 217 Mass. 552, 554.

*Decree affirmed.*