NORMAN P. MAMBER *vs.* NORMAN A. LEVIN & another.

Middlesex.    December 11, 1975. — March 18, 1976.

Present: ROSE, KEVILLE, & ARMSTRONG, JJ.

*Contract,* What constitutes, Consideration, Volunteer.    *Action to Reach and Apply.*

In an action to reach and apply a debt allegedly owed by a realty company to the plaintiff's debtor, the fact that the realty company had discharged a debt on behalf of the plaintiff's debtor relieved the company's obligation to the debtor. [160-161]

---

BILL IN EQUITY filed in the Superior Court on March 21, 1973.

The case was heard by *Donahue, J.*

*Norman P. Mamber,* pro se.

*Ira L. Lipman* for G & D Realty, Inc.

ARMSTRONG, J.   The plaintiff appeals from a judgment dismissing his action to reach and apply an alleged indebtedness of the defendant G & D Realty, Inc. (G & D), to the defendant Levin, on account of appliances furnished to G & D by Levin.

The indebtedness is claimed to have arisen on the following facts. On April 20, 1972, Levin entered into an agreement with G & D to purchase certain land in Brockton with twenty-four apartment units which G & D was then building. The price was to be $411,000. Papers were to pass on or before April 20, 1973, and time was made of the essence. The agreement incorporated by reference an "addendum" which provided that G & D was to inform Levin of all appliances, rugs and cabinets to be installed on the premises and the prices G & D would have to pay for them, and that Levin, if he so elected, could himself furnish those items and be paid by G & D the price G & D would have had to pay elsewhere.

The judge found that Levin, for the purpose of furnishing appliances to G & D, went to Eastco, Inc., apparently a wholesaler or distributor of appliances, and applied for[1] and obtained credit, "not as an individual," but "as a trustee of St. Paul Realty Trust." On various dates in November and December, 1972, Eastco delivered to the premises four lots of appliances, with invoices totaling $10,878.86. The invoices listed one Giarruso (who is the president and treasurer of G & D) as the person to whom the items were shipped and also as the person to whom the items were sold. Levin "disappeared from sight sometime in late 1972." Giarruso was pressed for payment by Eastco and, "[s]ince he was unable to locate Levin," paid

---

[1] We note, however, that the application is dated September 2, 1971.

Eastco $10,661.28.[2] Thereafter Giarruso ordered other appliances from Eastco and paid for them.

On March 16, 1973, the plaintiff, who was found by the judge to have prepared the agreement as Levin's lawyer and to have been a cotrustee with Levin of the St. Paul Realty Trust, obtained a judgment against Levin in the Municipal Court of Brookline for $95,651.75 for legal services, which remains unsatisfied. By this action the plaintiff seeks to establish that G & D was and remains obligated to pay Levin the $10,661.28 which G & D paid to Eastco.

The judge ruled (1) that the "addendum" concerning the furnishing of appliances was void because it was not signed by the parties; (2) that even if it had been properly executed it was void for lack of consideration because it did not impose any obligation on Levin; (3) that, even if the addendum imposed a contractual obligation on G & D, the defendant Levin could not enforce it because he was himself in breach of the contract for having failed to pay Eastco; (4) that Eastco extended credit to Levin as a trustee and not as an individual; and (5) that G & D was obligated to pay Eastco and was not obligated "to hold any monies for the benefit of either ... Levin or the plaintiff...."

Contrary to the contentions of G & D, the case cannot be disposed of on the basis of those rulings. The addenda, although attached as an additional page after the signature page, were incorporated by an appropriate reference and are a part of the contract. *Freeland* v. *Ritz*, 154 Mass. 257, 259 (1891). We do not look for consideration to each clause of a contract separately, but to the contract in its entirety; this contract did not lack consideration. On this record it cannot be said that Levin's breach of his separate contract with Eastco was a breach of his contract with G & D. Eastco's sale on credit to Levin empowered Levin to pass good title to G & D by delivery of the appliances.

---

[2] The discrepancy in the figures involves some discount not explained by anything in the record.

See *Casey* v. *Gallagher*, 326 Mass. 746, 749 (1951); G. L. c. 106, §§ 2-703, 2-705. Levin did not breach any implied warranty of title. See G. L. c. 106, §§ 2-312, 2-401, 2-403. Nor can it be said that Eastco's extension of credit was to Levin as a trustee only, and not as an individual, for the reasons stated in *Larson* v. *Sylvester*, 282 Mass. 352, 359 (1933). Finally, it is not shown on this record that G & D at any time, by any act or promise, incurred any obligation, contractual or otherwise, to pay Eastco for goods ordered by Levin. Compare *Katz* v. *Silin*, 349 Mass. 648, 650 (1965). G & D was under no obligation to return the goods to Eastco if it did not pay Eastco. See G. L. c. 106, §§ 2-401 (2), 2-703. G & D's sole obligation, on this record, was to pay Levin. Its payment to Eastco did not discharge its debt to Levin. See *Fuge* v. *Quincy Co-op. Bank*, 300 Mass. 296 (1938); *Gallup* v. *Barton*, 313 Mass. 379 (1943).

For the reasons which follow, we are nevertheless of the opinion that the judge acted correctly, on the basis of those of his findings which are not now challenged, in ordering the entry of judgment for G & D.[3] The payment by G & D to Eastco, given and accepted in satisfaction of Levin's indebtedness to Eastco, had the legal effect of discharging that debt. Restatement: Contracts, § 421 (1932). Corbin, Contracts, § 1285, at 152-154 (1962). Compare *Chamberlain* v. *Barrows*, 282 Mass. 295, 298-299 (1933), and cases cited. Contrast *Edgeworth Co.* v. *Wetherbee*, 6 Gray 166 (1856). G & D could not recover the payment from Eastco, because it was not made as a result of any fraud, concealment or compulsion. *Carey* v. *Fitzpatrick*, 301 Mass. 525, 527 (1938). *Lasquade* v. *Lippa*, 322 Mass. 287, 290 (1948). Nor could Levin be required to repay G & D, because "[a]cceptance and retention of the unsought benefit ... without more, do not create an obli-

---

[3] There is no merit in the plaintiff's contention (asserted in his brief to be "too obvious to require argument") that the judge lacked power to vacate or modify interlocutory orders previously entered by other judges of the Superior Court. *M. DeMatteo Constr. Co.* v. *Board of Appeals of Hingham,* 3 Mass. App. Ct. 446, 457 (1975).

gation enforceable at law." *Bartholomew* v. *Stobbs,* 280 Mass. 559, 561-562 (1932).

The plaintiff's rights are derivative; he stands in no better position than Levin. *Polito* v. *Galluzzo,* 337 Mass. 360, 363 (1958). *Morse* v. *Employers' Liab. Assur. Corp. Ltd.* 3 Mass. App. Ct. 712 (1975). Levin would not be permitted to obtain from G & D payment of the full contract price for the appliances, for he would thereby be unjustly enriched by being paid twice for the same performance: once by the discharge of his debt to Eastco, and again by receipt of the purchase price from G & D. If Levin retained the benefit of the discharge,[4] he would be required to credit G & D with the benefit he received.

In effect, Levin would be entitled to a judgment only for the difference between the amount G & D had contracted to pay him and the amount he had contracted to pay Eastco (but which was paid instead by G & D).[5] The burden was on the plaintiff to establish the indebtedness of G & D to Levin and the amount thereof. *Stockbridge* v. *Mixer,* 215 Mass. 415, 418 (1913). From the record it is apparent that the plaintiff did not prove the amount that G & D was to have paid Levin for the appliances; rather, he claimed and proved only the amount that G & D paid Eastco, proceeding on the theory that G & D could be made to pay twice. The plaintiff thereby failed to sustain his burden of proving that there is a positive balance due on account of the appliances. *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.* 344 Mass. 632, 635-636 (1962). The plaintiff is not entitled to nominal damages. See *Eno* v. *Prime Mfg. Co.* 314 Mass. 686, 702 (1943).

*Judgment affirmed.*

---

[4] The effect of Levin's power to disclaim the discharge of his indebtedness to Eastco (see Restatement: Contracts, § 421 [1932]; *Edgeworth Co.* v. *Wetherbee, supra*) need not be considered as he has not exercised that power.

[5] The applicability (if any) of an anti-set-off provision in the addendum has not been briefed or argued, and we do not consider it. Mass. R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975).