ARTHUR DIXON *vs.* CHARONS REALTY, INC. January 20, 1981. The plaintiff brought this action to recover $5,000 under a written contract for accounting and property-management services or, alternatively, for the fair value of those services. The contract stated that the plaintiff would be entitled to $500 per year for the services in question, up to a maximum of $5,000, payable when the property was sold by the defendant corporation or when the corporation was liquidated. The corporation claimed a jury trial. The case was referred to a master, facts not final, who found, among other things, that there was a substantial unity between the corporation and one Charlene Wakefield; that after the death of the latter her executor paid the plaintiff $5,000; and that, although the $5,000 was listed on the estate tax return as a legacy, it "was intended by all parties, and was in actuality, full payment to the plaintiff for the total work done by him for both [the corporation and the estate of Charlene Wakefield]." The plaintiff objected to the last finding on the ground that it was "erroneous as a matter of law." Following a hearing on objections to the report, the judge in effect struck the finding from the report, apparently for the reason that the finding went beyond the terms of a written instrument by which the plaintiff, on receipt of the $5,000, released all claims he might have had against the estate of Charlene Wakefield. The judge then ruled that the plaintiff would be entitled to the $5,000 when the property was sold or the corporation was liquidated, and "remanded" the case for a

finding whether either condition had been met. Because there was no factual dispute that the property had been sold, the plaintiff moved for and was granted judgment under Mass.R.Civ.P. 56, 365 Mass. 824 (1974). The corporation appealed.

The judge erred in striking the finding concerning the intention of the parties. The report did not indicate that the finding was based on the written release (which was not properly before the judge, the evidence not having been reported, and, incidentally, was not reproduced in the appendix); and, although the finding was labeled an "ultimate conclusion," there was no definitive showing that its source lay exclusively in the reported subsidiary findings. See *Bills* v. *Nunno*, 4 Mass. App. Ct. 279, 281-283 (1976). Even without the finding concerning a "unity" between the corporation and Charlene Wakefield, a payment by her executor intended by the latter and received by the plaintiff as a full discharge of all claims by the plaintiff against the corporation would have the legal effect of discharging the corporation. *Chamberlain* v. *Barrows*, 282 Mass. 295, 298-299 (1933). *Mamber* v. *Levin*, 4 Mass. App. Ct. 157, 160 (1976). The actual understanding of the parties could be established by parol unless (as was not shown by the master's report) the written release was intended by them as an integration, that is, a statement of their entire agreement. See *Carlo Bianchi & Co.* v. *Builders' Equip. & Supplies Co.*, 347 Mass. 636, 643-644 (1964). In his treatment of the written release, the judge in essence made findings of his own, contrary to a finding of the master, based on a portion of the evidence before the master. That procedure was irregular. Compare *Reil* v. *Lowell Gas Co.*, 353 Mass. 120, 125 (1967). Despite the corporation's failure to oppose the plaintiff's motion for summary judgment with a counter affidavit (see *Vaught Constr. Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 560-561 [1976], there was error in the entry of summary judgment for the plaintiff in the face of the finding in the master's report concerning the intentions of the parties at the time of the $5,000 payment.

The objections of both parties to the master's report should have been overruled. To the extent that those objections were not facially improper or invalid, they depended on evidence not reported (and not reportable, as the evidence taken before the master was not recorded). The judgment is vacated, and the case is remanded for trial.

*So ordered.*

*Sumner D. Goldberg* for the defendant.
*Robert N. Goldstein* for the plaintiff.

